GROSVENOR (GEAR v.). See Case No. 5,-291.

GROSVENOR (SEABURY v.). See Case No. 12,576.

GROTE (DECKER v.). See Case No. 3,726.

GROTENKEMPER (UNITED STATES v.). See Case No. 15,267.

---

## Case No. 5,844.

### The GROTIUS.

[1 Gall. 503.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1813.

PRIZE—CUSTODY OF, ON APPEAL — AUTHORITY OF DISTRICT COURT.

1. On an appeal to the circuit court, the property follows the appeal into that court. The Collector, 6 Wheat. [19 U. S.] 194.

[Followed in Davis v. The Seneca, Case No. 3,651. Cited in Folger v. The Robert G. Shaw, Id. 4,899; Wilson v. Bell, 20 Wall.

[1] [Reported by John Gallison, Esq.]

(87 U. S.) 225; The Thomas Fletcher, 24 Fed. 482.]

2. The district court has no authority, after an appeal, to bail or sell the property.

[Appeal from the district court of the United States for the district of Massachusetts.]

In this cause a motion was made to the court to order into its custody the prize property [the Grotius and cargo], which, after a decree in the district court, and an appeal, had been delivered to the claimants [Thomas Sheafe and others] on bail by the court. The motion was made upon the ground, that after the appeal, the district court had no jurisdiction.

Cummings & Sprague, for captors.

STORY, Circuit Justice. I have had occasion to consider this question in other causes. There can be no doubt, that wherever the property does not follow the cause into the appellate court, the court, in whose custody the property remains, may make any order respecting it, which circumstances may require, in the same manner as if the cause were still pending there. Such court may, therefore, sitting as an admiralty court, order a sale, or a delivery on bail, according to the course and usage in maritime causes. But where the property follows the cause into the appellate court, I take it to be clear, that by the appeal, all jurisdiction is gone from the inferior court. The property either goes into the appellate court at the same time as the cause, or not at all. Upon any other construction, great mischiefs would arise. No other point of time could be legally fixed, at which the authority of the inferior court would cease; and a conflict of jurisdictions, as to the disposal of the property, might present great difficulties and embarrassments. The appellate court might award an acquittal or condemnation, and proceed to execute its decrees, at the same time that the inferior court might be subjecting it to its interlocutory orders. The vice-admiralty courts of Great Britain, sitting in a different jurisdiction from the appellate courts, have generally exercised authority over the property after an appeal, upon the ground that the appeal does not remove the property from their custody. Whatever may have been the original source of this authority, whether assumed as an incident to the admiralty jurisdiction or not, it now stands upon the express provisions of statutes. In all probability, it was engrafted into the original constitution of those courts, or assumed as a resulting power from the appellate court sitting within another jurisdiction, or from the limited authorities exercised by the latter; and I take it to be the established course, to remit the decree of the appellate court to the inferior court for execution, unless in special cases regulated by statute. So also in causes carried by appeal from the high court of admiralty to the lords commissioners of appeal

in prize causes in Great Britain, it is understood to be the general course, to remit the final decree for execution in the inferior court. The property, therefore, is deemed still in the possession of the inferior court, and consequently it may, pending the appeal, make any order for the delivery or sale of it. On examining the act of 24th of September, 1789, c. 20 [1 Stat. 73], organizing the courts of the United States, it will be found, that on appeals from the circuit to the supreme court, the final decree of the latter is directed to be remanded to the former for execution. It results, therefore, that the property does not follow the cause into the supreme court, but remains to await the final decree in the circuit court. But the provisions are different as to the district court. On appeals from the district to the circuit court, no authority is given to remand the cause to the former for execution, where the appeal is pursued. but on the contrary, the provision of the 24th section would seem unavoidably to require, that the circuit court should execute its own decrees; and if any doubt should exist, as to this construction, that doubt would be put entirely at rest by the uniform practice, which has obtained ever since the first organization of this court. How can such execution be done, unless the property or its substitute, affected by the decree, is in the legal custody and control of the court? Besides, this court sits within the same judicial district, as the district court. The marshal, who has the custody of captured property, and the clerk, with whom may be deposited its proceeds, are officers of this, as well as of the district court. There is therefore no difficulty occasioned by any supposed transfer of the custody of the property by the appeal.

On the whole, I am satisfied, that after an appeal, the property is removed from the legal custody of the district court, and is no longer subjected to its interlocutory orders. There may, and I fear there will, grow inconveniences out of this decision, but it will be for the legislature to remove them, by giving authority to either of the judges of this court, in vacation, to make any interlocutory orders respecting property in its custody. At all events, I do not feel at liberty to reject the obvious meaning of the law, on account of mischiefs, which a court may lament, but has no authority to remedy. In the present case, however, circumstances of a peculiar nature will induce me to leave the property where the decision of the district court has deposited it. Motion rejected.

[NOTE. In the district court the ship had been condemned to the United States, and in the circuit court this decree was affirmed. An appeal was taken by the claimants to the supreme court, where, in an opinion by Mr. Justice Washington, an order was made for further proof upon the facts concerning the validity of capture. 8 Cranch (12 U. S.) 456. Upon the second argument an opinion was delivered by the same justice,—9 Cranch (13 U. S.) 368.—in which the decree of the circuit court condemning the ship, etc., to the United States was reversed, and it was ordered that the said ship be condemned as lawful prize to the captors.]