## WHALEN *v.* SHERIDAN.

*(Circuit Court, S. D. New York.* October 5, 1880.)

1. PRACTICE—BILL OF EXCEPTIONS—RULE OF DILIGENCE.

Poverty or pecuniary embarrassment is not a sufficient ground for a motion for leave to file a bill of exceptions *nunc pro tunc.* It is not an "extraordinary circumstance" such as will defeat the rule of diligence in civil procedure in the federal courts.

2. REVIEW IN FEDERAL COURTS—RULES OF PRACTICE.

The system of review on writ of error established by a statute of the United States is so far different from an appeal under the Code of New York, which provides for the review of rulings excepted to on the trial, that the provisions of the state statutes do not govern proceedings under it.

Motion for leave to file and serve a bill of exceptions *nunc pro tunc.*

*Scott Lord,* for the motion.

*A. B. Herrick,* Asst. Dist. Atty., opposed.

CHOATE, D. J. The plaintiff has been allowed to renew his motion (5 FED. REP. 436) to file and serve a bill of exceptions, upon further affidavits; but I am unable to find that the additional facts now stated make out a case of extraordinary circumstances, such as is required under the authority of *Muller* v. *Ehlers,* 91 U. S. 249, for the exercise of the power of granting the relief asked. Those facts are that after the trial of the cause the plaintiff, being unable to pay to his attorney the fees that were due to him, and which he demanded, the attorney refused to act further for him, although he continued to be the attorney of record for the plaintiff. Another counsel was employed to argue the motion for a new trial, but he did not assume the responsibility of the attorney in the cause, and left for Europe soon after the argument. The plaintiff himself was not aware of the expiration of the time limited for preparing and filing his bill of exceptions, and was absent in other states during part of the time that elapsed between the decision of the motion for a new trial and the suing out of the writ of error; and the preparation of the exceptions was deferred and neglected, under the impression that all the voluminous testimony taken on the trial must be included, which would involve an expense far beyond the plaintiff's means. It was not determined positively by the plaintiff and his advisers to take the case to the supreme court till the idea was suggested that the review should be asked on a single point of law which is presented by the proposed bill. By that time the time limited for filing the excep-

tions had expired. I think it is the result of the affidavits now made, that, while the plaintiff had not entirely abandoned his purpose to go to the supreme court, he yet, mainly from want of means to pay his lawyers, failed to have his case properly looked after, so as to have the necessary measures taken to make his appeal effectual, so far as concerned a review of the rulings upon the trial, in case he should finally be able to make arrangements to prosecute a writ of error.

Like many other cases where poverty leads to the neglect or abandonment of the appointed means of redress for possible wrongs sustained, this case has elements which appeal to the sympathies of the court, but the plaintiff cannot be released in the mode proposed consistently with the rules adopted by the federal courts, not without creating a precedent which will be of the most embarrassing character. The real and only excuse, as it seems to me, that is offered for the neglect of the appointed mode of redress, is, after all, the poverty and financial embarrassment of the plaintiff. If this is allowed to be an "extraordinary circumstance," within the rule declared by the supreme court in *Muller* v. *Ehlers*, the inquiry will be open in every such case as to the extent of the plaintiff's financial embarrassment. Want of means is, also, easily sworn to, and, in most cases, difficult or impossible to disprove. Thus, the rule of diligence, which, for wise reasons is intended to be rigid, will be wholly broken down. Poverty or pecuniary embarrassment is not recognized as a sufficient excuse for not asserting a legal right where the rules of law require the assertion of that right with diligence. *Hayward* v. *Nat. Bank*, 96 U. S. 618.

It is urged that section 783 of the New York Code of Civil Procedure, which authorizes the court to relieve a party in an action who has failed to take a proceeding within the time within which by law it must be taken, applies to this case; and it is further urged that, with all the differences of form, an appeal under the Code, which includes and provides for the review of rulings excepted to on the trial, is substantially the same proceeding as a review on writ of error in the federal courts, and that, by section 914 of the Revised Statutes of the United States, the practice of the state courts in such a proceeding, including section 783 of the Code of New York, as applied thereto, is applicable to proceedings under writs of errors. Section 914 of the Revised Statutes only assimilates the practice in the federal courts to that of the state courts "as near as may be." I am still of the opinion expressed upon the former hearing, that the system of review on writ

of error is so far a different system of procedure, established by a statute of the United States, that the provisions of the state statutes do not in any respect govern proceedings under it. The fact referred to, that the rules of the state supreme court still retain the expression "bill of exceptions," (rule 34,) does not, as it seems to me, affect the question, although it may not be exactly true in view of that fact, as stated in my former opinion, that "bills of exceptions" are unknown under the Code of New York.

The point made on the part of the defendant that, after the allowance of the writ of error, the case is pending in the supreme court and not in this court, and that, therefore, this motion, which is in effect a motion to alter the record to be reviewed, should be made in the supreme court and not here, seems to me to have great weight, and to be supported by authority. *Clark* v. *Hancock*, 94 U. S. 493. It is unnecessary, however, to pass on the question of the power of this court to grant the relief, since I am not satisfied that a case for relief is made out. But, as the plaintiff may be advised to apply to the supreme court, the motion will be denied without prejudice to such application.

NOTE. The rules of the New York Code of Practice have no application over writs of error and bills of exceptions in the United States courts. *Whalen* v. *Sheridan*, 5 FED. REP. 436. Notwithstanding the rule of court requiring a bill of exceptions to be drawn up within 10 days after the trial, a case may be excepted from its operation when it is just to do so. *Marye* v. *Strouse*, 5 FED. REP. 494. The power to reduce exceptions taken at the trial to form, and have them signed and filed, is confined, under ordinary circumstances, to the term at which judgment was rendered. *Whalen* v. *Sheridan*, 5 FED. REP. 436; citing *Muller* v. *Ehlers*, 91 U. S. 251.—[ED.