# Case No. 4,234.

EAGLE MANUF'G CO. v. DRAPER et al.

[14 Blatchf. 334.] [1]

Circuit Court, S. D. New York. Oct. 10, 1877.

James Thomson, for plaintiffs.

Stewart L. Woodford, Dist. Atty., and Henry E. Tremain, Asst. Dist. Atty., for defendants.

SHIPMAN, District Judge. These are motions to vacate the judgments in above-entitled causes, and continue the same to the next term, and that time be given to file bills of exceptions. The following facts are found to be true: Verdicts in favor of the respective plaintiffs were rendered in this court, in January, 1874. Bills of exceptions in each of said cases were served upon the plaintiffs' counsel on February 27th, 1874, and were noticed for settlement on March 27th, 1874. By successive written "consents" of counsel, the settlement of said bills of exceptions was adjourned or extended to June 9th, 1874. The bills, with the plaintiffs' amendments, were presented to the court for allowance, at that time. They were, upon presentation and examination, in fact disallowed, upon the ground that they were not in proper form, and were returned

---

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

to the defendants' counsel, who were requested to draft new bills in conformity with the expressed views of the court. No order of disallowance was formally entered. On December 21st, 1874, the counsel for the defendants gave notice to the plaintiffs' counsel, that the proposed bills of exceptions and the amendments thereto would be moved to a hearing again, on December 22d, 1874. According to my recollection, which is not distinct in regard to this hearing, the counsel were again instructed to draw new bills. Judgments were entered on the verdicts October 13th, 1875, as of October 9th, 1875, by consent of the parties. A new bill of exceptions in the Wright case was drawn by the defendants' counsel, and was served upon the plaintiffs' counsel, January 5th, 1876. On June 8th, 1876, the plaintiffs' counsel in each of said cases stipulated in writing, that the time wherein the defendants could prepare and file bills of exceptions, and file the records in the supreme court, should be extended for sixty days from said date. By two successive written stipulations, said time was extended for sixty days from August 3d, 1876, when the written stipulations ceased. On or about October 24th, 1876, the defendants' counsel made the written motion, dated October 20th, 1876, as on file. When said motion was made, the court inquired whether new bills of exceptions had been drafted, and was informed that one bill, which, when made satisfactory to the parties, could serve as a guide or model, mutatis mutandis, for the two others, had been drawn and served. The counsel for the plaintiffs said that they had not examined this bill, but would do so promptly. The court urged prompt attention to such examination, and, without further discussion, the matter dropped, and was not again brought to the attention of the judge during his stay in New York. The second bill of exceptions has never been presented to the court for allowance. Upon August 24th, 1877, at the request of the defendants' counsel, the formal order on file upon the motion of October 20th, 1876, disallowing the first bill, was signed, and the petition on file was then presented, and an order to show cause was issued, returnable on September 18th, 1877. Upon the hearing, the petition was withdrawn, and the questions were discussed upon the order to show cause. Further consents by the plaintiffs' counsel for leave to perfect bills of exceptions are refused, and the proposed order to vacate the judgments is opposed. The objection of the court to the original bills was, that they were not in the form which is directed in Lincoln v. Claflin, 7 Wall. [74 U. S.] 132.

The questions which arise upon the foregoing facts are, whether the court has power to vacate the judgments which were entered in October, 1875, without the consent of the plaintiffs' counsel, and whether, if the power exists, it should be exercised.

In Muller v. Ehlers, 91 U. S. 249, it is held by the supreme court, that the power to reduce exceptions taken at the trial to form, and to have them signed and filed, is, "under ordinary circumstances, confined to a time not later than the term at which the judgment was rendered. This, we think, is the true rule, and one to which there should be no exceptions without an express order of the court during the term, or consent of the parties, save under very extraordinary circumstances." It is asked that the judgments be vacated, so that the bills of exceptions may appear to have been allowed and signed before or at the term when final judgments were rendered. The power of a court to vacate or alter a judgment, at a term subsequent to the entry of the judgment, is examined and stated in Bank of U. S. v. Moss, 6 How. [47 U. S.] 31. It has also often been held by the circuit courts, that they have power to open judgments which had been rendered at a previous term, for the purpose of correcting errors in the assessment of damages. Crookes v. Maxwell [Case No. 3,415]. Without deciding the strict question of power, I am of opinion, that, if it exists, it should be exercised for the mere purpose of permitting bills of exceptions which have not been presented and signed at the proper term, to be subsequently filed and signed, only in those cases in which the supreme court has declared that the bill itself can be signed subsequently to the term at which the judgment was rendered; i. e., in the absence of an express order of the court during the term when the judgment was rendered, or in the absence of consent of the parties, only under extraordinary circumstances. An exercise of power under other circumstances would be an evasion of the rule which has been declared by the supreme court.

In this case, bills were prepared during the term when the verdicts were rendered, but were disallowed, of which fact counsel were aware, as is manifest from their drafting a new bill. At the October term, 1875, judgments were rendered. A new bill was prepared in January, 1876, (within the October term, 1875,) but this bill has never been submitted to me for allowance. It is admitted that the motion of October 24th, 1876, related to the old bills. The delay was, however, cured by written consent, until October 3d, 1876. Additional consent is now refused.

The circumstances which call upon the court to vacate the judgments are, that parties have been manifestly reluctant to discharge the irksome duty which was imposed upon them, and long delay has been occasioned by this reluctance. These circumstances are not so extraordinary as to induce me to exercise a power which should be exercised, if at all, only in cases of peculiar hardship.

The motions are denied.