## BROWN *v.* BRADLEY.

APPEALABLE ORDERS ; MOTION FOR NEW TRIAL ; BILL OF EXCEPTIONS ; TRIAL TERM.

1. No appeal lies from an order overruling a motion for a new trial.
2. At common law and under the rules of the Supreme Court of this District, a bill of exceptions and motion for a new trial have no connection with each other, and the bill of exceptions may therefore be settled before the motion is disposed of.
3. The term of court referred to in Rule 54 of the Supreme Court of this District, requiring bills of exceptions to be settled before the close of the term, is the trial term.

Submitted April 25, 1895.   Decided May 6, 1895.

HEARING on a petition for a writ of mandamus to require a trial judge to settle and sign a bill of exceptions.   *Petition denied.*

The COURT in its opinion stated the case as follows :

This is an application by John E. Brown and twenty-two other persons, for a writ of mandamus to require the Honorable Andrew C. Bradley, Associate Justice of the Supreme Court of the District of Columbia, holding a special term of that court with a jury for the trial of causes at common law, usually designated as the circuit court, to settle, sign and seal a bill of exceptions in a cause tried before him, wherein, upon issues transmitted thereto from the special

term of the same Supreme Court held for orphans' court
business, and usually designated as the Orphans' Court, to
determine the validity of the will of one Maria Cole, the
petitioners, who had filed a caveat to the said will, had ver-
dict rendered against them upon said issues.

This will, it seems, had been admitted to probate on Sep-
tember 18, 1891. But some time thereafter a caveat having
been filed to it, three issues were formulated, and transmit-
ted to the circuit court for determination by a jury. Two
trials were there had. In the first trial there was a verdict
for the caveators upon one issue, and for the caveatees upon
the other two. Upon the motion of the caveatees the ver-
dict upon the issue that had been found for the caveators
was vacated, and a new trial was ordered. In this new
trial, on December 24, 1894, a verdict was rendered in favor
of the caveatees ; and thereby the will was sustained on
each and every issue.

The caveators thereupon moved for a new trial, and at
the same time in arrest of judgment; but their motion, at
their own instance, was continued to the next ensuing term
of the circuit court, which begun on the first Tuesday of
January, 1895, when the preceding term, the October term
of 1894, ended. On January 12, 1895, the motion was
overruled, and on January 22, 1895, the clerk certified the
findings of the jury to the Orphans' Court. The certificate
having been mislaid, a second one was sent to the Orphans'
Court on February 1, 1895.

In the Orphans' Court, on February 1, 1895, the cavea-
tors renewed their motion purporting to be in arrest of judg-
ment; but that court overruled it, and entered a decree dis-
missing the caveat, and re-affirming the decree of Septem-
ber 18, 1891, whereby the will had been admitted to pro-
bate. From this decree or judgment the caveators ap-
pealed to this court.

Exceptions had been taken by the caveators at the trial ;
but no bill of exceptions was tendered by them to the court
before March 21, 1895, when, the counsel for the caveators

and the counsel for the cavatees having failed to agree upon
such a bill, the former filed a motion in the clerk's office
tendering the bill now in controversy, which was not actually
offered to the justice for settlement until the first day of
April, 1895, which was the last day of that term.    Counsel
for caveatees opposed the settlement of the .bill, on the
ground that it should have been presented during the pre-
vious October term, at which the trial had taken place, and
that the presiding justice was now without jurisdiction to
sign it.    The justice heard argument from both parties
upon this question, and decided that he was then without
jurisdiction to entertain consideration of a bill of excep-
tions.    He accordingly refused to settle any bill of excep-
tions, or to sign or seal the bill tendered.    It is upon con-
sideration of this refusal that the present application for a
mandamus has been made.

*Mr. Roger A. Sprague, Mr. John C. Chaney* and *Mr. John
R. Garrison* for the petitioners, (*Messrs. Dudley & Michener*
being with them on the brief):

A pending motion for a new trial, seasonably filed, *keeps
the case in the trial court*, and, so long as it remains undis-
posed of, there can be no final judgment, within the mean-
ing of the statute regulating appeals.    Thompson on Trials,
sec. 2736;  *Brown* v. *Evans*, 18 Fed. Rep. 56;  *Chem.
Works* v. *Commonwealth*, 8 Bush (Ky.) 181 ; *Railroad Co.* v.
*Doane*, 105 Ind. 92.

At common law, a motion for a new trial suspended the
judgment and all its effects until the motion was disposed
of, and the same rule has been adopted by a few of the
States, but in a large majority of them it has been super-
seded by statutory provisions, under which the courts are
usually empowered to temporarily stay the operation of the
judgment, to the end that justice may be attained.    A. &
E. Ency. Law, vol. 16, 637 ; Thompson on Trials, sec.
2730.    A motion for a new trial does not, under the law

and practice in Maryland, expire with the term of the court at which it is made; and until such motion is disposed of, further proceedings in the case are suspended. *Truett* v. *Legg*, 32 Md. 147.

Rule 5, section 4, of this court, provides that: "All the exceptions taken during a trial shall be included in a single bill of exceptions, if that be practicable." This is precisely what is sought to be done in this case. After judgment was rendered, and *during the term at which judgment was rendered in said case*, so that all rulings of the court on motions for new trial and in arrest of judgment might appear in the record of appeal, a single bill of exceptions was prepared, presented and asked to be settled, signed and sealed, in due time.

The caveators have complied with section 1 of Rule 10 by taking an appeal within twenty days after judgment rendered, and served notice of appeal through citation as prescribed by section 5 of said Rule 10, and the transcript of the record of appeal would now be on file in this court, but for the refusal of the trial justice in the court below to settle the bill of exceptions.

In the case of *United States* v. *Breitling,* 20 How. 253, the bill of exceptions was prepared and presented during the term at which judgment was rendered, and it was held to have been presented in time, and although signed after the expiration of the term, the judgment term was presumed to have been extended for the purpose of signing and sealing the bill of exceptions. See also *Walton* v. *United States*, 9 Wheat. 651.

In the case of the *Iron Co.*, 128 U. S. 544, the Supreme Court of the United States mandated the judge of the circuit court of the United States who tried said case to settle and sign the bill of exception therein, presented at the term at which judgment was rendered. Citing *Ex parte Crane*, 5 Pet. 190; see also *Hunnicut* v. *Peyton*, 102 U. S. 333; *Bank* v. *Eldred*, 143 U. S. 293.

The time for submitting a bill of exceptions is regarded

all jurisdictions as at the term at which the case is determined. A case is not determined until a judgment is pronounced therein. The aggrieved suitor is not supposed to be engaged in preparing a bill of exceptions until he knows that the case is determined against him. *Pease* v. *Pease,* 66 Ga. 677 ; *Turner* v. *Rawson,* 5 Ga. 399 ; *Elder* v. *Ferrett,* 18 Nev. 278 ; *Collins* v. *Kay,* 69 Tex. 365 ; *In re Estate of Hoover,* 18 D. C. 541, and 19 D. C. 495 ; *Doddridge* v. *Gaines,* 1 MacA. 335 ; *Jones* v. *Pa. Railroad Co.,* 18 D. C. 426 ; Graham's Practice, 671 ; Raymond on Bills of Ex., 33 and 34 ; Second Tidd's Practice, 862 and 864 ; *Gaines* v. *Van Studdiford,* 86 Mo. 149.

If a party desires to appeal from the order of the court upon a motion for a new trial he must except to it. *Graham* v. *Leate,* 115 Ills. 566 ; *Hicks* v. *Wilson,* 24 Ark. 628 ; *Jacobson* v. *Cornelius,* 5 N. Y. Supp. 306, S. C. Hun (N. Y.), 377 ; *Fisher* v. *Purdue,* 48 Ind. 323.

These matters are made a part of the record by means of the settlement and filing of a statement of a case and bill of exceptions, properly setting forth the errors occurring during the progress of the trial, and the facts of the case can only be considered by the appellate court when the motion for a new trial has been made in the court below, and thus preserved and incorporated in the record by the bill of exceptions. *Wickham* v. *State,* 7 Coldw. (Tenn.) 525 ; *Hawkins* v. *Abbott,* 40 Cal. 639 ; *Blohm* v. *Bamber,* 10 N. Y. Supp. 98 ; *Klotz* v. *Pertee,* 101 Mo. 213 ; *Alpers* v. *Schammel,* 75 Cal. 590 ; *McDill* v. *Gunn,* 43 Ind. 315 ; *Cheney* v. *Wagner,* 46 N. W. R. 427 ; *Hacker* v. *Ferrall,* 66 Barb. 559 ; *Lancaster* v. *W. Ins. Co. of N. Y.,* 6 Hun, 377 ; *Thompson* v. *Riggs,* 5 Wall. 663 ; *Origet* v. *United States,* 125 U. S. 513. Where leave to file a bill of exceptions is granted at the time a motion for a new trial is overruled, the bill may embrace all the rulings made during the trial. *Pitzer* v. *Indianapolis Railroad Co.,* 80 Ind. 569.

The bill of exceptions must contain the exception taken to the ruling of the court on the motion for new trial.

*White* v. *Prigmore*, 28 Ark. 450; *Nisbett* v. *Brown*, 30 Ark. 585; *Farquhar* v. *Johnson*, 35 Ark. 536.

The motion for a new trial filed in the suit at the bar of the lower court embraces the question of the *weight* of the *evidence*, and exception was taken to the ruling of the court thereon, which exception is included in the bill of exceptions it is sought to have settled on appeal to this court. Rules of courts are drawn for the purpose of furthering the ends of justice—not to obstruct justice.

At all events the rules of the Supreme Court relating to bills of exceptions are capable of the interpretation we have given them, and by all precedent, and in all candor the bill of exceptions should have been settled at the judgment term of the Cole will case, and should now be settled as of that term.

In the case of *Jones* v. *Railroad Co.*, 18 D. C. 426, the court held on a bill of exceptions on appeal from the special to the general term of the Supreme Court of the District of Columbia, that when the suitor has made an honest effort to exercise his right of appeal, the appeal ought to be entertained. Such is the purport and force of the following decisions : *Walton* v. *United States*, 9 Wheat. 657; *Bradstreet* v. *Thomas*, 4 Pet. 102; *Turner* v. *Yeates*, 16 How. 29 ; *Muller* v. *Ehlers*, 91 U. S. 249 ; *Coughlin* v. *District of Columbia*, 106 U. S. 354; *Hunnicut* v. *Peyton*, 102 U. S. 354; *United States* v. *Breitling*, 20 How. 252; *Davis* v. *Patrick*, 122 U. S. 138.

The mere signing and approving a bill of exceptions, it held to be of a ministerial nature, and hence subject to control by mandamus, although a legal discretion is to be observed in determining the character of the particular bill to be signed. If, therefore, the court to which the writ is directed shows satisfactory reasons for not signing the bill presented, the peremptory writ will not go, but in the absence of any return showing such reasons, the peremptory mandamus will issue. *People* v. *Pearson*, 3 Scam. 270. And where it is shown that the court below has abso-

lutely refused to sign a bill, and the relator avers that the matters therein contained are material to the determination of his rights on appeal, a proper case is presented for a mandamus to compel the signing of the bill.    *State* v. *Hall*, 3 Cold. 253.

It is only necessary to show an absolute refusal upon the part of Judge Bradley to sign the bill, or to sign or settle a true bill.    *Irving* v. *Askew*, 20 L. T. R. N. S.    The trial justice is not privileged to reject a bill which properly presents the case.    *Etheridge* v. *Hall*, 7 Port. 47.

The Supreme Court has power to issue a *mandamus* to a circuit court, commanding it to sign a bill of exceptions in a case tried before it.    *Ex parte Crane*, 5 Pet. 524 ; *Kendall* v. *United States*, 12 Pet. 524 ; *McClung* v. *Silliman*, 2 Wheat. 369 ; *Bayard* v. *White*, 127 U. S. 246 ; *Boynton* v. *Blaine*, 139 U. S. 306 ; *Iron Co.* v. *Petitioner*, 128 U. S. 544.

*Mr. J. J. Darlington* and *Mr. A. S. Worthington*, for the respondent :

The statutes relating to the signing of bills of exception in force in this District are 13 Ed. I., stat. 1, chap. 31 (Alexander's British Statutes, 126), and sec. 803 R. S. D. C.

The rule, the alleged erroneous construction of which by the respondent, is the ground of this application for a mandamus, is in these words : " The bill of exceptions must be settled before the close of the term, which may be prolonged by adjournment in order to approve it, but not longer than thirty days."    The questions for consideration may be divided into four, namely :

(1.) Are the relators entitled to an exception to the action of the court below in denying their motion for a new trial ?

(2.) Are the relators entitled to an exception to the action of the court below in overruling their motion in arrest of judgment ?

(3.) Is the action of the court below in deciding that the

bill of exceptions was not presented within the time limited by Rule 54, subject to review and reversal in this court by mandamus?

(4.) And, lastly, if so, was there error in the construction of Rule 54 by the court below?

1. The first of these questions is placed beyond the pale of discussion by the decision of this court in *Thomas* v. *Presbrey*, reported in 5 App. D. C. 217.

2. The second question may be quite as summarily disposed of. The motion in arrest, as will appear from inspection of it, was based upon an alleged insufficiency of the evidence to establish the will. But a judgment can be arrested only for error apparent on the record, and the evidence is no part of the record for this purpose. *Bond* v. *Dustin*, 112 U. S. 604; 2 Graham and Waterman on New Trials, 325, note 2.

Moreover, an exception does not lie in any case to the action of the court upon a motion in arrest of judgment. That motion is to be decided upon the record. The purpose of a bill of exceptions is solely to bring in matters which are not of record.

Finally, when issues are sent from the probate court to the circuit court for trial, no judgment is entered in the circuit court, and the verdict of the jury is the end of the proceedings there. Nor, we submit, is a motion in arrest of judgment, in the probate court, after the verdict of the jury upon the issues has been certified to the probate court, a proceeding known to our practice or competent under our laws. And, certainly, whether this be the case or not, the filing of a motion in arrest of judgment in the probate court furnishes no ground for the contention that this, *ipso facto*, prolongs the term in the circuit court for the purpose of a bill of exceptions even where the trial term of the circuit court had expired before the motion was filed.

As there are no terms in the probate court, the filing of such a motion at any time, even years after the verdict had been rendered in the circuit court, would extend the term

of the circuit court if it could have such effect in any case.

3. The facts and circumstances of the case, taken in connection with the rule of the court governing such matters, presented a question for the judicial determination of the court below, which question, as shown by the petition in this case, the court did not refuse to act upon, but judicially determined, after argument by the respective counsel of the parties in interest. All the authorities agree that such exercise of judicial discretion and judgment is not subject to review or revision by mandamus. The question has been repeatedly passed upon by the Supreme Court of the United States, to whose decisions upon that point the citations in this brief will be confined.

In _Ex parte Taylor_, 14 How. 3, 1213, it was held that a decision of a justice of the circuit court of the District of Columbia as to the legal sufficiency, under an act of Congress, of an affidavit to hold to bail, whether erroneous or not, could not be made the subject of mandamus.

That the application of the relators to the court on the last day of the January term, 1895, to sign and seal their bill of exceptions in a case which was tried at the October term, 1894, and the objection of the caveatees that, under Rule 54, the court was without jurisdiction or power to settle, sign or seal the said bill of exceptions at that time, presented a matter which the law authorized, and required the court below to judge, is too plain for argument.

In the case at bar, the power of deciding whether, under the rules of the court, the bill of exceptions was presented in time, was unquestionably a part of the judicial power of the court. It has exercised this power, as it was bound to do, and has passed its judgment. That judgment, the opinion just cited explicitly declares, no court can by mandamus command it to reverse. See also _Ex parte William Many_, 14 How. 24; _Ex parte Whitney_, 13 Pet. 404; _Ex parte Railway Co._, 101 U. S. 720; _Ex parte Newman_, 14 Wall. 152.

Even in the case of a mere executive officer of the gov-

ernment, whose duty it is to construe the law in any given matter, it is well established that no power exists in any tribunal to revise or reverse his performance of that duty by mandamus.  *United States* v. *Lamont,* 2 App. D. C. 546, and citations.

4. The construction of common law rule fifty-four of the Supreme Court of the District of Columbia, by the respondent, is correct.

It is a matter of common knowledge, as is shown by the return in this case, that the object of the rule in question was to prevent indefinite delay in the settling of bills of exceptions.   This had resulted in great inconvenience to the judges because they were frequently, indeed, generally, called upon to settle controversies between counsel as to what had taken place during the trial, months or even years after the trial was over.   This often imposed great and unnecessary labor upon the judges, and made it difficult for the court below to set forth in the bill of exceptions what had actually occurred, and thus the administration of justice was impeded.   There was but one way to put an end to this evil, and that was by fixing a point of time beyond which the court should not have the power to prolong the term.   The statute (sec. 803, R. S. U. S.) allows exceptions to be settled, after the trial, only "in such manner as may be provided by the rules of the court."   In the absence of any rule, therefore, each party would be required to have his exceptions settled while the jury were at the bar.

The first paragraph of the rule following the law says that the exceptions may be noted during the trial, and afterwards settled.  The second paragraph says that the bill must be settled "before the close of the term."   It is impossible to construe this as meaning anything but the trial term, and therefore the clause allowing that the term may be prolonged, must necessarily mean the trial term.   A former rule, of similar phraseology, has been so construed by the Supreme Court.  *Coughlin* v. *District of Columbia,* 106 U. S. 9–10.

If the construction of the rule contended for by the petitioners is correct, then nothing has been accomplished by the change in the rule. A motion for a new trial may be continued from term to term for years, just as, under the former practice, the term might be prolonged from time to time indefinitely. And if continuing the motion for a new trial to the *next term* prolongs the *existing* term, then the trial term is open to the end of the proceedings, and the judges who framed the new rule for the purpose of preventing this very thing, have allowed that to be done by indirection which it was their express purpose to prevent being done at all.

As to the proposition that continuing a motion for a new trial to the next term prolongs the trial term, we refer to *United States* v. *Hood*, 19 D. C. 372. It was there held that the court has no power to prolong a term for the purposes of a motion for a new trial, though it may continue the motion to the new term, the adjudication under it being as of the term to which it was continued, and not as of the trial term. This decision, of course, was binding upon the respondent. This court is called upon to compel him, by mandamus, to proceed upon the theory that the continuing of the motion for a new trial to the next term of itself operated to prolong the trial term for the purpose of the bill of exceptions, when the court in general term had instructed him that he had not the power to prolong the term on account of a motion for a new trial; or, in other words, that, by continuing the motion for a new trial to the next term, he had by mere implication done that which he had no power to do at all.

Mr. Justice MORRIS delivered the opinion of the Court:

The argument of the petitioners is that, under the rules of the Supreme Court of the District of Columbia, the bill of exceptions might have been properly tendered at any time during the term at which judgment was entered, and

that it was useless to tender it before the motion for a new trial was determined ; that the motion for a new trial in this case was determined and judgment entered at the January term of 1895 ; and that their bill of exceptions was tendered before the end of that term.   On the other hand, the contention of the counsel for the caveatees, who appear here in opposition to the application for the writ, is that the bill should have been presented at the term at which the trial was had, and that it was too late to present it after the expiration of that term.   They argue also that the question was one for judicial determination by the justice below, and that from that determination no appeal will lie by way of a writ of mandumus, inasmuch as it involves something more than a merely ministerial duty, which alone can be compelled by writ of mandamus.

The rules of the Supreme Court of the District of Columbia, the construction of which is involved in this controversy, are its common law rules numbered 53, 54, 55 and 56.   These are as follows :

" 53. Every motion for a new trial must be made within four days after verdict ; and shall be in writing, and shall state, in separate paragraphs, successively numbered, the specific grounds upon which it is based, and it shall be entered on the minutes of the court on the day it is presented to the court.

" Sec. 2. Judgment shall not be entered on the verdict until the fifth day thereafter or if a motion in arrest of judgment or for a new trial shall be made, until after the ruling of the court on that motion.

" Sec. 3. All motions for new trials not heard and decided at the term at which the same shall have been made shall be deemed to have been overruled, and shall be so entered on the proceedings of the last day of the term, unless the motion has been continued by special order of the court.

" 54. If a party desires to present for a review in the Court of Appeals the rulings or instructions of the pre-

siding justice for alleged errors of law, he must, at the trial, and before the jury retire to consider their verdict, except to such rulings or instructions ; and he may, at the time of taking exception, reduce the same to writing in a formal bill of exceptions, or the justice may enter the exception upon his minutes and proceed with the trial, and afterwards settle the bill of exceptions.

"Sec. 2. The bill of exceptions must be settled before the close of the term, which may be prolonged by adjournment in order to prepare it, but not longer than thirty days.

"Sec. 3. Whenever the justice who tried the cause shall consider it proper, several exceptions to the rulings shall be inserted in one bill of exceptions to be signed at the close. And the instructions granted by the court, whether excepted to or not, shall be inserted in the bill of exceptions.

" 55. Every bill of exceptions shall be drawn up by the counsel of the party tendering it and submitted to the counsel on the other side ; and where the bill of exceptions is not settled before the jury retires the counsel tendering the bill of exceptions shall give notice in writing to the counsel on the other side of the time at which it is proposed that the bill of exceptions shall be settled, and shall also, at least three days, Sundays exclusive, before the time designated in such notice, submit to the counsel on the other side the bill of exceptions so proposed to be settled ; and if they cannot agree it shall be settled by the justice who presided at the trial, and in that case the justice shall be attended by the counsel on both sides, as he may direct.

" 56. In case the justice is unable to settle the bill of exceptions, and counsel cannot settle it by agreement, a new trial shall be granted."

The present common law rules of the Supreme Court of the District of Columbia, which include the foregoing, were adopted and promulgated by that court at its January term of 1894, in order to conform to changed conditions occasioned by the establishment of this Court of Appeals in the preceding year. These rules were made in pursuance of

the authority specially conferred on that court by the act of Congress creating it (Rev. Stat. U. S. for Dist. of Col., Sec. 770), and of the authority inherent in every court of general jurisdiction to make all proper and reasonable rules for the regulation of its practice. It is not claimed that the rules, which have been specially cited, are in any manner derogatory of common right, or unduly restrictive, or that they at all violate the right given by law to parties to remove their causes to this court by appeal. The only question before us is as to their proper construction.

The counsel for the petitioners are greatly in error when they assume that this court will review the decision of the court below in overruling a motion for a new trial. We have repeatedly held that this we are not permitted to do by the act of Congress creating this court. It has been repeatedly, and we may say uniformly, held that motions for new trials are addressed to the discretion of the judges holding the trial courts, and their decisions may not be reviewed in purely appellate tribunals. Wherever such review is allowed, it is under special statutory provision authorizing it ; and such provisions existed in all the cases cited on this point in the brief for the petitioners. Those cases can, therefore, have no bearing whatever upon the authority of this court in the premises.

We have held that, when a motion for a new trial has been made in the court below, the right of appeal to this court accrues only when that motion has been disposed of. *
For by the act of its creation this court can only review the final orders, judgments, or decrees of the court below ; and by the common law and the rules of the court below, there can be no final judgment in a cause at common law until a pending motion for a new trial is determined. But that does not make the ruling of the court below on that motion a subject for review by this court. It simply determines

---

* See Walter *v.* Railroad Co., *ante p.* 20.—REPORTER.

the point of time in the course of the cause at which the right of appeal accrues.

Inasmuch, therefore, as we cannot review the action of the court below in overruling a motion for a new trial, it is useless to except to such ruling and wholly unnecessary to include that ruling in a bill of exceptions. Consequently, the contention on behalf of the petitioners that the bill of exceptions could not be properly prepared before the overruling of such motion, so as to conform to the suggestion of our rule that all the exceptions should be included in one bill, if practicable, is entirely untenable. Moreover, if the claim of the petitioners were well founded that they had a right to an exception to the ruling of the Orphans' Court, in denying their motion in arrest of judgment, this would be a case where it would not be practicable to include all the exceptions in one bill. It would be manifestly improper to require the justice holding the circuit court to certify as to the action of the justice holding the orphans' court, with which he had nothing whatever to do.

At common law, and in the absence of statutory provision giving the right of appeal from the action of trial courts in overruling motions for new trials, the bill of exceptions has no connection whatever with the motion for a new trial. The one is not in any way dependent upon the other. At common law, the bill of exceptions was actually settled, signed and sealed at the time of trial, and when the exception was taken; and the progress of the trial was arrested until the bills were so settled, signed and sealed. Nor was the jury permitted to retire to deliberate upon their verdict until all the bills of exceptions were so disposed of. Theoretically it is presumed that this course is yet pursued; and all bills of exceptions purport to have been signed and sealed before the retirement of the jury for deliberation. The inconvenience of the practice has resulted in the establishment of a usage sanctioned by universal custom and embodied in the rules of practice of most courts, as we find it embodied in one of the rules of the Supreme Court of the

District of Columbia which has been cited, to the effect that, if the exceptions are duly taken at the time, the formal bill may be settled, signed and sealed at any time afterwards during the term, even then the requirement being that it should be done, as the expression is, *nunc pro tunc.*

The purpose of the bill of exceptions is to prepare the cause for the appellate court, and to lay the foundation for the action of that court by the incorporation of the rulings of the court below into the record. The purpose of the motion for a new trial is to appeal to the court which tried the cause against the action of the jury in disregarding the weight of evidence, for misconduct of the jury, or on the ground of newly discovered evidence, or on various other grounds wholly disconnected with the rulings in the case. This motion assumes the absolute correctness of those rulings, and disregard of them as the ground upon which it is most frequently based. It is true that it is not unusual in a motion for a new trial to call attention to supposed errors in the rulings of the court during the trial ; and the trial justice may, in the determination of that motion, grant a new trial solely and exclusively upon the ground that he has committed error in his rulings. But it is always matter of grace, and not matter of right, to assign such alleged error as ground for a motion for a new trial addressed to the discretion of the presiding justice. It might be a convenience to counsel to postpone the preparation of their bills of exceptions until their motions for a new trial are disposed of ; but it would rarely be fair to the trial court so to postpone them. And as there is no logical or legal connection whatever between the two, we cannot permit a consideration of such occasional convenience to dominate and control the operation of reasonable rules of practice made for the general convenience of the orderly transaction of the business of the courts.

As we have intimated, the only question which we can regard as really in controversy in this cause, is whether the term at which a bill of exceptions must be settled is the

term at which the trial was had, or the term at which the judgment was entered, if the entry of judgment was postponed by the postponement of a motion for a new trial to a subsequent term. To us it appears very plain that this question was decided correctly by the learned justice below. When Rule 54, heretofore cited, requires the settlement of the bill of exceptions *"before the close of the term,"* it necessarily means the term referred to in the preceding section of the same rule, the term in which the verdict was had, the term in which the trial was had, the term at which it should have been by the common law strictly and theoretically settled. The only term, therefore, in contemplation of the rule, at which it could be settled is the trial term.

If there were any doubt whatever about this, the doubt would be removed by the provision in the rule, that for the purpose of settling a bill of exceptions, the term may be prolonged for a period ·not to exceed thirty days, while a motion for a new trial might be prolonged from term to term, almost without practical limit. But we have no doubt upon the subject. The inconvenience, the delay, and the uncertainty that would follow from the construction of the rule claimed by the petitioners would result in nothing but confusion in the administration of justice.

If the petitioners have misapprehended the effect of the rule and have thereby lost their right of appeal, and their appeal is based upon substantial grounds, such result is greatly to be regretted. But neither the rule itself, nor the practice of the court below, so far as we are advised, was sufficiently doubtful to mislead the parties into the course which they pursued.

It is proper that we should add, that, in our opinion, the cases of *Chateaugay Ore and Iron Company,* 128 U. S. 544; *Muller* v. *Ehlers,* 91 U. S. 249, and *United States* v. *Breitling,* 20 How. 253, do not support the contention of the petitioners. In the first and last of these cases the judgments were rendered at the same terms at which the trials were had ; and no such question arose, or could arise, as

is here presented to us ; and in the other case, that of *Muller* v. *Ehlers*, where possibly the question might have arisen, the writ of mandamus was refused on other grounds ; and it is not apparent how the case can be an authority in favor of the petitioners.

On the whole we are of opinion that the petitioners were too late when, on March 21, or April 1, 1895, they presented their bill of exceptions which has been mentioned ; and that the justice, who presided at the trial of the cause, was justified in his refusal to sign or seal the bill at that time. Being of that opinion, *we must decline to issue the writ of mandamus, as requested by the petitioners; and their petition therefor must be dismissed with costs. And it is so ordered.*