## MÜLLER ET AL. *v.* EHLERS.

Where the court below rendered judgment upon a finding, and at the next term, in the absence of any special circumstances in the case, and without the consent of parties or any previous order on the subject, allowed and signed a bill of exceptions, and directed it to be filed as of the date of the trial, — *Held*, that the bill, although returned with the record, cannot be considered here as a part thereof.

ERROR to the Circuit Court of the United States for the Eastern District of Wisconsin.

The parties to this suit, by stipulation in writing filed with the clerk, waived a jury, and submitted to a trial by the court, which was had at the October Term, A. D. 1872, when the case was taken under advisement.    At the next term, and on the 28th April, 1873, the court found generally for the plaintiff: whereupon defendants moved for a new trial.    This motion was continued until the next term; when, on the 15th July, it was overruled, and judgment entered on the finding.

On the 25th July, 1873, this writ of error, returnable on the second Monday of October then next ensuing, was sued out and served, and on the same day a *supersedeas* bond was approved and filed.    The citation was filed Aug. 4, 1873.

Down to this date, as appears by the record, a bill of exceptions had not been signed or allowed, nor time given, either by consent of the parties or by order of the court, to prepare one. In this condition of the case, the court adjourned for the term.

At the next term, on the 27th October, 1873, and after the return day of the writ of error, a bill of exceptions was signed and filed by order of the court, as of the 28th April, 1873. It nowhere appears from the record that this was done with the consent of the plaintiff, or even with his knowledge. It is for errors appearing in this bill of exceptions alone that a reversal of the judgment is asked.

*Mr. Matt. H. Carpenter* for the plaintiff in error, and *Mr. F. W. Cotzhausen* for the defendant in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

It perhaps sufficiently appears from the bill of exceptions in this case, if it is to be taken as a part of the record, that the rulings complained of were excepted to in proper form at the time of the trial; but it does not appear that the bill of exceptions was filed, signed, tendered for signature, or even prepared, before the adjournment of the court for the term at which the judgment was rendered. No notice was given to the plaintiff of any intention on the part of the defendants to ask for the allowance of a bill of exceptions, either during the term or after. No application was made to the court for an extension of time for that purpose. No such extension of time was granted, and no consent given.

Upon the adjournment for the term the parties were out of court, and the litigation there was at an end. The plaintiff was discharged from further attendance; and all proceedings thereafter, in his absence and without his consent, were *coram non judice*. The order of the court, therefore, made at the next term, directing that the bill of exceptions be filed in the cause as of the date of the trial, was a nullity. For this reason, upon the case as it is presented to us, the bill of exceptions, though returned here, cannot be considered as part of the record.

This case differs very materially from that of *United States v. Breitling*, 20 How. 253. There the bill of exceptions was prepared during the term, and presented to the court for allowance four days before the adjournment. It was handed back to the attorney presenting it, three days before the adjourn-

ment, with the request that he submit it to the opposing counsel. Delay occurred, and the signature was not actually affixed until after the term. Under the special circumstances of that case, the signature, after the term, was recognized as proper. The particular grounds for this ruling are not stated; but it was probably for the reason, that, upon the facts stated, the consent to further time beyond the term for the settling of the exceptions might fairly be presumed. That case went to the extreme verge of the law upon this question of practice, and we are not inclined to extend its operation. It was said by this court in *Generes* v. *Bonnemer*, 7 Wall. 565, that " to permit the judge to make a statement of the facts on which the case shall be heard here, after the case is removed to this court by the service of the writ of error, or even after it is issued, would place the rights of parties who have judgments of record entirely in the power of the judge, without hearing and without remedy." This language is substantially adopted in *Flanders* v. *Tweed*, 9 Wall. 425, where it was said " the statement of facts by the judge is filed upon the 29th May, 1868, nearly three months after the rendition of the judgment. This is an irregularity, for which this court is bound to disregard it, and to treat it as no part of the record."

As early as *Walton* v. *United States*, 9 Wheat. 651, the power to reduce exceptions taken at the trial to form, and to have them signed and filed, was, under ordinary circumstances, confined to a time not later than the term at which the judgment was rendered. This, we think, is the true rule, and one to which there should be no exceptions without an express order of the court during the term or consent of the parties, save under very extraordinary circumstances. Here we find no order of the court, no consent of the parties, and no such circumstances as will justify a departure from the rule. A judge cannot act judicially upon the rights of parties, after the parties in due course of proceeding have both in law and in fact been dismissed from the court.    *The judgment is affirmed.*