LILLIENTHAL *v.* WALLACH *et al.*

(*Circuit Court, S. D. New York.* October 4, 1888.)

JUDGMENT—RENDITION AND ENTRY—STAY PENDING NEW TRIAL.

> On a motion to stay the entry of a judgment pending an application for a new trial, a decision was rendered that on plaintiff's filing security for costs he should have six weeks to make and serve his bill of exceptions or case, all proceedings for the entry of judgment except the taxation of costs to be stayed; but the order entered provided "that the defendants be stayed from entering judgment for the space of six weeks," and a resettlement of the order to make the stay coterminous with the making and service of the bill of exceptions or case was refused. *Held,* that the stay which was operative on the defendant was not that mentioned in the decision, but that prescribed by the order, and that a subsequent order extending plaintiff's time to make and file his case, "in accordance with the decision herein, and without prejudice to the stay of proceedings therein ordered," did not operate as an extension of the stay.

At Law. On motion to set aside a judgment.

*Lawrence & Waehner,* for plaintiff.

*Frank E. Blackwell,* for defendants.

LACOMBE, J. This is an action on the law side of the court. It was referred by consent, and the referee has found against the plaintiff on his claim, and in favor of the defendants upon a counter-claim set up by them. The opinion and report of the referee were filed July 12, 1888. Plaintiff wishing to move for a new trial upon a case, and wishing time within which to prepare a bill of exceptions to be used as such case, obtained on July 20, 1888, an order to show cause why all proceedings of the defendants to enter judgment or enforce the report should not be stayed until the hearing and determination of a motion by the plaintiff to vacate and set aside the report, and for a new trial in the action. This order to show cause was made returnable August 3, 1888, and all proceedings of the defendants to enter judgment or to enforce the report were stayed until the entry of the order to be made on the determination of the motion for such stay of proceedings. On August 3d the order to show cause came on for argument, and a decision was rendered that defendants might proceed to tax their costs, and that upon plaintiff's filing security for the same, leave should be given him to move for a new trial, under the rule of February 5, 1877; and that his time to make and serve the bill of exceptions or case should be extended six weeks from August 3d. The decision further provided for a stay of all proceedings of the defendants to enter judgment subsequent to taxation of costs. The order upon this decision was prepared, and its entry procured by the defendants. It provided that when the costs should have been taxed, "the defendants be and they hereby are stayed from entering judgment for the space of six weeks." The order bears date August 3, 1888. Plaintiff thereupon moved to resettle the order in several particulars; among others asking that the clause providing for the stay should be modified so as to be coterminous with the making and serving of the exceptions or

case.   Motion to resettle was denied on the express ground that plaintiff would have abundant opportunity to move for an extension of the stay, as well as for an extension of his time before the six weeks expired.   On September 12, 1888, plaintiff, desiring further time to make and file case and exceptions, obtained an order *ex parte* extending his time two weeks from September 15, 1888, "in accordance with the decision herein of August 4th, (*sic*,) 1888, and without prejudice to the stay of proceedings ordered therein."   This order was duly served on defendants' attorney. Subsequently, and on September 21, 1888, after the expiration of six weeks from August 3d, judgment was entered.

The plaintiff now moves to set aside such judgment as having been entered in contempt of court at a time when such entry was stayed.   The papers above recited do not sustain his contention.   The "stays" which were operative upon the defendants were not those promised in the decision, but those prescribed by the orders.   It is no doubt true that, had the order of August 3d provided for a stay coterminous with the time accorded for making and serving the case, it would have been signed as being sufficiently within the relief intended to be afforded by the decision.   It did not however so provide, and when the plaintiff's subsequent effort to have it modified in order to secure the elastic stay to which he considered himself entitled was unsuccessful, he was plainly notified that he must obtain an extension of the stay in order to make it operative. The use of the words "without prejudice to the stay of proceedings ordered," (in the order of August 3d,) which were inserted in the order of September 12th, before the expiration of the six-weeks stay, is plainly not sufficient to extend such stay.   The case is a very hard one for the plaintiff, but no ground is suggested upon which the judgment which the defendants regularly entered can be set aside.

The plaintiff may take an order extending his time to make and serve a bill of exceptions or case until October 13th, which is the last day of the present term.   *Hunnicutt* v. *Peyton*, 102 U. S. 333; *Muller* v. *Ehlers*, 91 U. S. 249.   If plaintiff intends to move for a further extension and beyond the term, he must give notice of such motion; and if he prepares his case and exceptions within the time granted, and desires to apply for an order directing that it be filed *nunc pro tunc* as before the entry of judgment, he must give notice of such motion.

The motion to vacate the judgment is denied.