## LIBBY *et al.* v. CROSSLEY *et al.*

(*Circuit Court, D. Massachusetts.* December 10, 1889.)

1. BILL OF EXCEPTIONS—DELAY IN PRESENTING FOR SIGNATURE.
   A bill of exceptions must be presented to the judge not later than the term at which the judgment is rendered, and the delay will not be excused on the ground that certain proceedings had taken place between the parties by reason of which they had hoped it would not be necessary to take the case up on review.

2. SAME—FORM.
   A paper presented to the judge, containing nothing but the propositions of law argued at the hearing, on the margin of which the judge, for the convenience of the counsel, noted his rulings on the several propositions,—the paper not having been presented as a bill of exceptions, and the judge not having been asked to sign it,—cannot, after judgment has been rendered, be amended and signed as a bill of exceptions.

At Law. On motion to settle bill of exceptions. For opinion on the merits, see 31 Fed. Rep. 647.

*Oliver C. Stevens* and *James McKeen*, for plaintiffs.

*Thomas Hillis* and *John Hillis*, for defendant Crossley.

*Bryant & Sweetser*, for trustees.

CARPENTER, J.   This is an action at law, in which the writ was served in trustee process on certain insurance companies, for the purpose of attaching a fund in their possession as the property of the defendant James E. Crossley.   The claimants, Wilkinson Crossley and others, have intervened, and allege that the fund belongs to them by virtue of an assignment made to them by James E. Crossley before the attachment was made.   The question thus arising between the plaintiffs and the claimants was heard by me without a jury in the October term, 1886, to-wit, on the 3d and 4th of February, 1887, and was on or about the 23d of February submitted to me on written arguments, and held for advisement.   In the May term, 1887, to-wit, on the 29th of July, I delivered my opinion, to the effect that the claimants were entitled to the fund. 31 Fed. Rep. 647.   Shortly afterwards the counsel for the plaintiffs presented to me a paper containing only a statement of the propositions of law which they had argued at the hearing, and in the margin of each proposition, for the convenience of the counsel, I noted whether it was, in my opinion, allowed or refused, in effect, by the determination which I had already made.   They also filed in the clerk's office a paper wherein they stated, in general terms, that they excepted to the rulings which had been made in the case.   Afterwards, during the October term, 1887, a decree was settled and entered in accordance with the opinion.   No further proceedings took place material to this inquiry until the 5th of December, 1889, on which day the plaintiffs' counsel presented to me, for my allowance, a bill of exceptions wherein were stated several of the propositions of law which were urged by them at the hearing, and which were not adopted by me in my decision, together with an abstract of such parts of the evidence to which it is conceived these propositions of law should properly apply.   I think the bill of exceptions ought not to be signed.   It is well settled that a bill of exceptions cannot be allowed unless it is presented to the judge not later than the term at which the judgment is rendered, "without an express order of the court during the term, or consent of the parties, save under very extraordinary circumstances."   *Muller* v. *Ehlers*, 91 U. S. 249.   The question has since been fully discussed by Judge DYER in *Sweet* v. *Perkins*, 24 Fed. Rep. 777, and I came to the same conclusion in *Stave Co.* v. *Manufacturing Co.*, 32 Fed. Rep. 822.   There are no extraordinary circumstances in this case.   The plaintiffs excuse their delay by saying that certain proceedings have taken place relating to the controversies between the parties by reason of which they have hoped that it would not be necessary to take this case up for review.   Under these circumstances, it seems clear that their proper course was to present their bill of exceptions seasonably, and obtain an allowance, and then wait until they should be advised to sue out their writ of error.

The plaintiffs urge that the paper which their counsel presented to me soon after the opinion was delivered should be considered as a bill of exceptions, and should now be amended and signed.   But that paper had in no respect the form of a bill of exceptions, being simply a list of propositions of law.   Nor did it contain the substance of a bill

of exceptions, since it contained no statement of the case, and no reference to the evidence. Furthermore, it was not presented to me as a bill of exceptions, and I was not asked to sign it. It was evidently, as it was doubtless intended to be, only a memorandum from which I might afterwards verify a bill of exceptions, as I should from my own minutes. I therefore decline to sign the bill.