## MORSE *v.* ANDERSON.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF KENTUCKY.

No. 63. Submitted November 2, 1893. — Decided November 6, 1893.

The verdict in this case was returned December 16, 1887, and judgment entered thereon on the same day. On the next day ten days were granted for filing a bill of exceptions, which time was extended from time to time but expired before April 1, 1889, when they were signed. *Held*, that the allowance of this bill of exceptions was not seasonable.

THE record contains, in addition to the record of the trial, the entry of judgment, and the offers of exceptions, the following certificate from the presiding judge:

"At the request of the counsel of plaintiffs in the case of *N. C. Morse, Jr., and others* v. *John Jay Anderson and others*, I make this statement:

"I presided at the trial of the case at the December term, 1887, of the court, held at Covington. The trial was concluded December 17, 1887, when the counsel of plaintiffs asked

and obtained ten days' time within which to file their bill of exceptions. They tendered to me at Louisville, my residence, a bill of exceptions on the 24th day of December, 1887, which was ordered to be noted of record in the court at Covington, and plaintiffs were given until January 20, 1888, in which to complete their bill of exceptions so tendered.

"I examined the bill of exceptions thus tendered and declined to sign it, and had counsel notified of the refusal. I sent with my refusal a written memorandum to the clerk at Covington, by way of suggestions to counsel, as an aid in preparing a bill of exceptions. This was about January 13, 1888, and on the 14th of January, 1888, an order of court was entered, extending the time within which another bill of exceptions could be prepared and tendered to the 15th of March, 1888.

"Some time during the spring of 1888 and, I think, before March 15, 1888, one of plaintiffs' attorneys, Hon. Thomas F. Hargis, presented to me at Louisville another bill of exceptions. I examined it and said to him that it did not conform to my suggestions theretofore given. He replied that he thought it did, and that he had a copy of my suggestions which he would send or bring to me, I do not remember which. He also said, as I now remember, that he would come to see me soon and when I was at leisure, and we would talk the matter over and have the bill of exceptions settled. Judge Hargis sent by mail a copy of my memorandum, but not the bill of exceptions, that I remember of; but he did not see me further in regard to the matter. I wrote to the clerk of the court to enter an order extending the time to tender a bill of exceptions until the second day of the next term of the court, which was May 15, 1888; which was done by an order of March 12, 1888.

"My recollection is not distinct as to the exact time I saw the second bill of exceptions, but I am sure it was prior to the May term, 1888, of the court. I did not see it again, nor did Judge Hargis or any one else appear before me again in regard to said bill of exceptions. The plaintiffs made a motion for a new trial at the December term, 1887, of the court, which

motion was taken under consideration and not disposed of until the 3d day of May, 1888, when the motion as to John Jay Anderson was overruled, and granted as to the other defendants.

"On the first day of the regular term, May term, 1888, I entered another order extending the time within which to present a bill of exceptions to the 18th day of June, 1888, and on the 18th day of June, 1888, extending the time to present a bill of exceptions to July 2nd, 1888. (The term of the court continues from term to term, as we construe the law.) Since the commencement of the December term, 1888, plaintiffs' counsel has made various efforts to have the counsel of defendant Anderson present and before me, so that a bill of exceptions might be prepared and signed, but owing to sickness in the family of counsel this has been impracticable until the bill of exceptions now signed by me as of April 1st, 1889.

"JOHN W. BARR, *Judge.*"

*Mr. Thomas F. Hargis* for plaintiffs in error.

No appearance for defendant in error.

THE CHIEF JUSTICE: The judgment is affirmed, for want of bill of exceptions seasonably allowed, upon the authority of *Müller* v. *Ehlers*, 91 U. S. 249; *Jones* v. *Grover & Baker Sewing Machine Co.*, 131 U. S. Appx. cl.; *Michigan Insurance Bank* v. *Eldred*, 143 U. S. 293; *Glaspell* v. *Northern Pacific Railroad Co.*, 144 U. S. 211; *Hume* v. *Bowie*, 148 U. S. 245.

*Judgment affirmed.*