## WESTERN DREDGING & IMPROVEMENT CO. v. HELDMAIER.

(Circuit Court of Appeals, Seventh Circuit. May 6, 1902.)

No. 808.

1. BILL OF EXCEPTIONS—ALLOWANCE AFTER TERM—POWER OF JUDGE.

Under the rule laid down by the supreme court, a judge cannot allow a bill of exceptions after the term unless the time has been extended by order or rule of court, except under extraordinary circumstances; but he is not absolutely without power to do so, and the rule is not so rigid that it must be applied in cases where it would work injustice, and the party presenting the bill has been without fault.

2. SAME.

A cause was tried before a judge of another district, specially assigned. Time was allowed after the term for the settling of a bill of exceptions, during which the bill was prepared and agreed to by counsel for both parties. At the expiration of the time allowed the trial judge was absent from the circuit, and under such circumstances the bill was presented to the judge of the district, who signed it and ordered it filed. It was afterward suppressed by the circuit court of appeals on the ground that under the statute it could only be allowed by the trial judge. Such trial judge, sitting again in the district by assignment, at a subsequent term allowed and signed the same bill nunc pro tunc as of the date of the former allowance. *Held*, that his action was proper, and the plaintiff in error would be allowed to refile the bill as so certified in the circuit court of appeals by a nunc pro tunc order.

In error to the Circuit Court of the United States for the Northern District of Illinois.

On Motion for Leave to Refile Bill of Exceptions.

This cause was tried February 8, 1901, before the district judge of the United States for the Eastern district of Wisconsin, presiding by assignment in the circuit court of the United States for the Northern district of Illinois, and to a jury, resulting in a verdict for the defendant by direction of the court. On the same day, a motion for a new trial being overruled, judgment was entered in favor of the defendant, and the plaintiff was allowed sixty days to prepare and present his bill of exceptions. The time for that purpose was extended by stipulation of the parties from time to time until June 17, 1901, when a further stipulation was made granting a further extension of ten days from that date, and an order on that stipulation entered accordingly. On June 27, 1901, the plaintiff filed in court its bill of exceptions, which was marked "O. K." by counsel for both parties. The district judge of the United States for the Northern district of Illinois then presiding in the circuit attached to the bill of exceptions and signed this certificate: "And forasmuch as the matters above set forth do not fully appear of record, the plaintiff tenders this his abstract of record and bill of exceptions, and prays that the same may be signed and sealed by the judge of this court pursuant to the rules thereof, which certificate is (in the absence of the trial judge, Hon. William H. Seaman, from the circuit) accordingly made and herewith attached this 27th day of June, A. D. 1901." The record, including such bill of exceptions, was remitted to this court in the return to the writ of error, and at the last session of this court, upon the motion of the defendant in error, the document purporting to be a bill of exceptions was, on October 15, 1901, suppressed; this court holding that absence from the circuit was not a disability under section 953, Rev. St., as amended by the act of June 5, 1900 (31 Stat. 270), which authorized the allowance and the signing of the bill of exceptions by other than the

¶ 1. See Exceptions, Bill of, vol. 21, Cent. Dig. § 49.

trial judge. Improvement Co. v. Heldmaier, 49 C. C. A. 264, 111 Fed. 123. Subsequently, on December 4, 1901, the bill of exceptions was presented to the Honorable William H. Seaman, district judge of the United States for the Eastern district of Wisconsin, 'then again holding ·by assignment the term of the circuit court of the United States for the Northern district of Illinois, and he and the Honorable C. C. Kohlsaat, district judge of the United States for the Northern district of Illinois, then also sitting in the circuit court of the United States for the Northern district of Illinois, signed and attached to such bill of exceptions their several certificates, as follows:

"And forasmuch as the matters above set forth do not fully appear of record, the plaintiff herein tenders this its abstract of record and bill of exceptions, and prays that the same may be signed and sealed by the judge who presided at the trial, Hon. William H. Seaman, which certificate is accordingly made and herewith ordered filed and attached to the said abstract of record and bill of exceptions this 4th day of December, A. D. 1901, nunc pro tunc as of the 27th day of June, A. D. 1901. This certificate is made and given and ordered filed under the following conditions: On said 27th day of June, A. D. 1901, the plaintiff herein did tender this its said abstract of record and bill of exceptions to this court (the same having been examined and approved in writing by counsel for both parties hereto, as appears from the original of said abstract of record and bill of exceptions), at which time, it being the last day of the attaching of the certificate of the judge to said abstract of record and bill of exceptions, and the said Hon. William H. Seaman, the judge who presided at said trial, being absent from the district on said date (he having come especially into the district from the Eastern district of Wisconsin to preside at the trial of this and other causes then pending on the trial calendar of this district), and the plaintiff being then unable to secure the signature of the said Hon. William H. Seaman as trial judge to said original certificate, and not knowing the whereabouts at that time of the said Hon. William H. Seaman, and upon due inquiry of the clerk and other officials of said court being unable to obtain such information, and having tendered this its said abstract of record and bill of exceptions into the hands of the clerk of said court on said 27th day of June, A. D. 1901 (the said abstract of record and bill of exceptions then approved by counsel for both parties hereto having been up to the date of presentation to the court in the hands of counsel for the defendant herein for their examination and approval), upon said tender on said date, June 27, A. D. 1901, the Hon. C. C. Kohlsaat, the presiding judge of said court, in the absence of the judge who presided at said trial, Hon. William H. Seaman, duly placed his signature to the original certificate attached to said abstract of record and bill of exceptions, and directed the clerk of said court to file the said abstract of record and bill of exceptions so certified. It now appearing to the undersigned, the Hon. William H. Seaman, that no injury will result from the making, filing, and attaching to said original abstract of record and bill of exceptions of this certificate on this 4th day of December, A. D. 1901, nunc pro tunc as of the 27th day of June, A. D. 1901, but that the doing thereof will be in apt time and only in furtherance of justice between all parties concerned, it is therefore accordingly done, and the clerk of said court is directed to file and attach this certificate in said cause to the original abstract of record and bill of exceptions filed therein on the 27th day of June, A. D. 1901, and to file and so attach the same on this 4th day of December, A. D. 1901, nunc pro tunc as of the 27th day of June, A. D. 1901.

"[Signed]                     .              William H. Seaman,

"Trial Judge of the Circuit Court of the United States of America, Northern District. of Illinois, Northern Division.

"I have read the above and foregoing certificate of the Hon. William H. Seaman to the abstract of record and bill of exceptions in said cause, and I hereby certify that it sets up the facts in relation to the original tender and signing of the original certificate attached to the original abstract of record and bill of exceptions, and the circumstances under which the same was

given, and said abstract of record and bill of exceptions filed by my direction in said cause in this court on the 27th day of June, A. D. 1901.

"[Signed]                                                              C. C. Kohlsaat,
                      "Judge Circuit Court of the United States of America,
                             Northern District of Illinois, Northern Division.

"November, A. D. 1901."

—And the document was thereupon filed in open court December 4, 1901, nunc pro tunc as of June 27th, 1901.

The plaintiff in error now moves this court that he be allowed to file such bill of exceptions, with the certificates thereto attached, nunc pro tunc as of the 18th day of July, 1901, being the date when the return to the writ of error was filed in this court, and that so much of the abstract of record, including the bill of exceptions, as was heretofore filed and stricken out by the court, be ordered refiled, and be considered as refiled, and be printed with the original certificates as part of the transcript of the record, and considered by the court upon the hearing of the writ of error.

There are two statutory terms of court in each year in the Northern district of Illinois, at Chicago, one commencing on the first Monday in July, and the other on the third Monday in December.

Ira C. Wood, for the motion.

John M. Duffy, opposed.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

JENKINS, Circuit Judge, after stating the facts, delivered the opinion of the court. The common-law rule that after the term at which a judgment is rendered the court is without authority to do any act which would impair the conclusiveness, affect the finality, or impeach the validity of the judgment probably had its origin in the fact that in England the judge was commissioned by the crown to hold a particular term of court, and with the adjournment of the term the commission expired, and the judge was without further authority to act with respect to matters occurring at that term. If that were the only reason for the rule, it could have no standing in this country, where the judicial power is lodged by the constitution and is a continuing power. The rule, however, obtains here notwithstanding the reason for its adoption in England is here unavailing, and for a better reason, namely, that there must be a time when a litigant shall be discharged out of court, and all control over the rights adjudged him shall be at an end; and for that purpose we recognize the common-law rule that the end of the term shall in general be the end of authority with respect to rights adjudged at the term. The rule, the reason of it and its limitations have been declared by the supreme court. Muller v. Ehlers, 91 U. S. 250, 23 L. Ed. 319; Bank v. Eldred, 143 U. S. 293, 298, 12 Sup. Ct. 450, 452, 36 L. Ed. 162. In the latter case it is said by Mr. Justice Gray, speaking for the court:

"By the uniform course of decision, no exceptions to rulings at a trial can be considered by this court unless they were taken at the trial, and were also embodied in a formal bill of exceptions presented to the judge at the same term, or within a further time allowed by order entered at that term, or by standing rule of court, or by consent of parties; and, save under very extraordinary circumstances, they must be allowed by the judge and filed with the clerk during the same term. After the term has expired, without the court's control over the case being reserved by standing rule or special order, and especially after a writ of error has been entered

in this court, all authority of the court below to allow a bill of exceptions then first presented, or to alter or amend a bill of exceptions already allowed and filed, is at an end."

He further observes:

"The duty of seasonably drawing up and tendering a bill of exceptions stating distinctly the rulings complained of and the exceptions taken to them, belongs to the excepting party and not to the court; the trial court has only to consider whether the bill tendered by the party is in due time, in legal form, and conformable to the truth; and the duty of the court of error is limited to determining the validity of exceptions duly tendered and allowed. Hanna v. Maas, 122 U. S. 24, 7 Sup. Ct. 1055, 30 L. Ed. 1117. Any fault or omission in framing or tendering a bill of exceptions, being the act of the party and not of the court, cannot be amended at a subsequent term, as a misprision of the clerk in recording inaccurately, or omitting to record an order of the court might be. In re Wright, 134 U. S. 136, 10 Sup. Ct. 487, 33 L. Ed. 865."

The rule is thus stated in Hume v. Bowie, 148 U. S. 245, 253, 13 Sup. Ct. 582, 584, 37 L. Ed. 438:

"The rule is unquestionably correctly laid down in Muller v. Ehlers, 91 U. S. 249, 23 L. Ed. 319, that when judgment has been rendered and the term expires a bill of exceptions cannot be allowed, signed, and filed as of the date of the trial, in the absence of any special circumstances in the case, without the consent of parties or any previous order of the court. But it is always allowable, if the exceptions be seasonably taken and reserved, that they may be drawn out and signed by the judge afterwards, and the time within which this may be done must depend upon the rules and practice of the court and the judicial discretion of the presiding judge. Dredge v. Forsyth, 2 Black, 563, 17 L. Ed. 253; In re Chateaugay Ore & Iron Co., 128 U. S. 544, 9 Sup. Ct. 150, 32 L. Ed. 508."

It will thus be seen that the rule is not without exceptions; that there may be circumstances justifying the signing of the bill after the expiration of the term at which the trial was had. The rule is not an iron-clad rule. It is a rule for the protection of the rights of parties, but is not to be applied with rigor to defeat the ends of justice where the party seeking relief is without fault. The supreme court has been careful to note with precision of language the rule and the exceptions to it. The power to act after the term may be reserved by order entered at the term or by standing rule of the court, or may be exercised by consent of the parties. The exceptions must be allowed and filed during the term unless "under very extraordinary circumstances." Unless control of the court over the case has been reserved by such standing rule or special order, or is exercised by consent of the parties, the authority of the court below after the term to allow a bill of exceptions *then first presented,* or to amend a bill of exceptions already allowed and filed, is at an end. But there may be circumstances not resulting from laches of the parties which should avail to relax the rule. The supreme court has spoken to such cases. Thus, in U. S. v. Breitling, 20 How. 252, 15 L. Ed. 900, the bill of exceptions was presented the Saturday before the Wednesday on which the court adjourned. On Monday the court handed the bill to the district attorney, who had presented it, with the request that he submit it to the opposing counsel. The court heard nothing further of the matter until the 9th or 10th of May following the adjournment of the term, when it was again sub-

mitted by the district attorney with the written objections of opposing counsel to its being signed after the term, and the bill was signed and filed on the 15th of May. The court, speaking through Chief Justice Taney, said:

"In the case before us the judge who tried the case has deemed it his duty to seal and certify the exceptions to this court, and, under the circumstances stated in the exception and the note, we think he was right in doing so, and that the exception is legally before this court as a part of the records of the proceedings of the court below."

It must be confessed that the record fails to disclose upon whom rested the fault resulting in the delay, and the supreme court in Muller v. Ehlers, supra, referring to this case, states that the decision was probably rested upon the ground that consent to further time beyond the term for the settling of the exceptions might fairly be presumed, but states that the case went "to the extreme verge of the law," and should not be extended in its operation.

In Davis v. Patrick, 122 U. S. 138, 7 Sup. Ct. 1102, 30 L. Ed. 1090, there was a stipulation extending the time to settle the exceptions to a day beyond the term, but the bill was not in fact allowed or signed until over a month after the date fixed by the stipulation. The court held the allowance and signing of the bill to be proper upon the ground that the bill prior to the stipulation had been presented to the judge for settlement, and that the stipulation was for the convenience of the judge. The court said, by Mr. Justice Blatchford: "The defendant was not to blame for the delay beyond the time named in the stipulation. He appears to have done all he could to procure the settlement of and signature to the bill, and he cannot be prejudiced by the delay of the judge." It is also said that the ruling was not in conflict with the decision in Muller v. Ehlers; and the case of U. S. v. Breitling, notwithstanding what is said of it in Muller v. Ehlers, is approved.

In Re Chateaugay Ore & Iron Co., 128 U. S. 544, 9 Sup. Ct. 150, 32 L. Ed. 508, a mandamus was allowed commanding the judge of the circuit court to settle the bill according to the truth of the matters, and to sign it when settled, he having refused to settle and sign it upon the ground that the term of the court at which the action was tried expired on the 31st of March. The bill and the amendments having previously been prepared by the respective counsel, the attorney for the defendant on the 27th of March served a notice of settlement by the judge on the 10th of April. He could have procured the settlement of and signature to the exceptions upon four days' notice, which would have been within the term, but he followed the prevailing practice in the state courts. It appeared, however, that the trial judge on the 31st day of March was not within the Southern district of New York, so as to be able to perform any judicial act there, nor did he come there, so as to be able to do so, until the 2d of April. The court held that the bill should have been signed under the circumstances detailed, and that the decision in Muller v. Ehlers had no application.

In Morse v. Anderson, 150 U. S. 156, 14 Sup. Ct. 43, 37 L. Ed. 1037, the trial was had in December, 1887. A bill of exceptions was

tendered to the judge on the 24th of that month, which he declined to sign, and returned to counsel with suggestions. On January 14, 1888, the court extended the time within which another bill of exceptions could be prepared and tendered to the 15th of March. Before this date another bill of exceptions was tendered to the judge, which, as he thought, did not conform to his suggestions, and the matter was held open for argument before him. An order was entered extending the time to tender a bill until the second day of the next term of the court, May 15th, and the time was again extended by order until July 2d. The trial judge certified that "since the commencement of the December term, 1888, plaintiff's counsel had made various efforts to have counsel of defendant Anderson present and before me so that a bill of exceptions might be prepared and signed; but, owing to sickness of family of counsel, this has been impracticable until the bill of exceptions now signed by me as of April, 1889." The court affirmed the judgment for want of bill of exceptions seasonably allowed, upon authority of the cases stated, and without discussion. There was in this case manifestly great delay, which was not sought to be excused. If the bill of exceptions had been signed on or prior to July 2, 1888, it would have been properly signed. It was not signed until April 1, 1889, and no excuse seems to have been offered for the delay of counsel from July 2, 1888, until the December term, 1888, even if the delay thereafter and until April 1, 1889, can be held to have been excused.

We gather from all the cases upon this subject in the ultimate tribunal that, while the general rule is to be adhered to, there may be exceptions arising from peculiar circumstances, not owing to the neglect of parties, which will warrant the signing of a bill after the expiration of the term. It cannot properly be said that the trial judge in signing a bill after the term acts coram non judice; for, as we have seen, he may act with the consent of the parties, and the act of the parties cannot confer jurisdiction. The case in hand presents, as we think, one that appeals strongly to equity, and if consistent with correct practice should be brought, if possible, within the exceptions noted.

The plaintiff in error with respect to the preparation and presentment of this bill was without fault. The bill had during the term been prepared, presented to opposing counsel, by them examined and indorsed as correct, and presented in court to be signed and filed during that term. It happens that, owing to the glut of legal business in the Northern district of Illinois, it is necessary, and is the constant practice, to assign district judges from other districts in the circuit to assist in the performance of judicial labor at the city of Chicago. These judges, thus taken from their duties in their own districts, give such time as they are able to aid in the dispatch of the enormous litigation that centers at Chicago. This trial was had before Judge Seaman of the Eastern district of Wisconsin, who, upon conclusion of the trials of the cases assigned to him and before the presentation of this bill, had departed from the district, and, as the certificate informs us, was not within the circuit. Upon presentation of the bill in open court, the district judge

of the Northern district of Illinois, then presiding at circuit, instead of entering an order, as he could properly have done, extending the time within which the bill might be signed, supposed that under the circumstances, as the bill had been assented to as correct, he might sign the bill, and he so did, and the bill was ordered filed, and came to this court in the return to the writ of error. We were compelled, under the decision of the supreme court, to suppress the bill upon the ground that only the trial judge could sign it. Subsequently the trial judge signed the bill, giving the certificate set forth in the statement of facts. It is true that the stipulation of parties to the correctness of the bill cannot be taken as consent to an extension of time for signature by the judge. It is however a circumstance not to be lost sight of in the consideration of the question whether the plaintiff in error has been guilty of delay working injury to the defendant. The bill failed of signature by the trial judge at the term, not through any fault of counsel presenting it. He had done all that he could. The trial judge was absent from the circuit. It could not be signed by him without the district. His presence was necessary. The term was at its close. The presence of the judge could not be obtained. The bill was presented in court, and by the court ordered filed. The delay in the signing by the trial judge, not being due to neglect of the parties, must be deemed a case of delay for the convenience of the trial judge, and to fall within the exception declared in Davis v. Patrick and In re Chateaugay Iron & Ore Co., supra. To charge the failure to the party would work gross injustice; for it cannot be possible that district judges coming from their districts to assist in the dispatch of litigation at Chicago shall absent themselves from their own districts and remain at Chicago during the term to wait upon the settlement of bills of exceptions in cases tried before them.

The motion is allowed.