PITTSBURGH GAS & COKE CO. v. GOFF-KIRBY COAL CO.

(Circuit Court of Appeals, Third Circuit. February 11, 1907.)

No. 64.

1. EXCEPTIONS, BILL OF—TIME FOR SIGNING—RULE OF FEDERAL COURTS.

While as a general rule of practice in the federal courts a bill of exceptions must be signed at the same term in which the judgment was rendered, an exception exists where extraordinary circumstances excuse the failure to sign it within such term, and the fact that the exhibits in a case were mislaid without fault or negligence on the part of the plaintiff in error, and not found until after the expiration of the term, is sufficient to bring the case within the exception; but such facts should, if possible, be evidenced by the certificate of the trial judge.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 21, Exceptions, Bill of, § 72½.]

2. WRIT OF ERROR—RECORD—ASSIGNMENTS OF ERROR.

Assignments of error cannot be considered by an appellate court where based on exhibits and excerpts from the evidence embodied in the bill of exceptions, but which bill contains nothing to show their relation to the issues involved.

3. SAME—BILL OF EXCEPTIONS.

A transcript of what purports to be the evidence in a case cannot be considered by an appellate court unless incorporated in the bill of exceptions so as to be authenticated by the certificate of the trial judge.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 2433-2440.]

4. SAME—AMENDMENT.

Permission will not be granted to a plaintiff in error to obtain and file a new or amended bill of exceptions after the case has been argued in the appellate court, and especially where no good reason is shown why the original bill was not made complete.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 2819-2822.]

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

Hartwell Cabell, for plaintiff in error.

F. H. Goff, for defendant in error.

Before DALLAS and GRAY, Circuit Judges, and LANNING, District Judge.

LANNING, District Judge. In the oral argument of this case counsel for the defendant in error made two objections to the record. One of them is that this court is without jurisdiction to consider the assignments of error because it appears that the bill of exceptions was signed after the expiration of the term in which judgment was entered; the other is that the bill is fatally defective because it contains such fragmentary excerpts from the testimony and charge that their relation to the issues in the case cannot be ascertained. Counsel for the plaintiff in error, evidently surprised by the objections, thereupon requested permission to apply to the court at a later day for such relief as they might think the facts of the case would warrant.

Since the argument, counsel for the plaintiff in error have submitted to us affidavits in explanation of the delay in signing the bill of exceptions. It appears by them that, after the rendition of the verdict, a motion for a new trial was argued; that the court decided on April 18, 1906, that unless the defendant in error would consent to a reduction of the verdict to the sum of $40,000 a new trial would be allowed; that the defendant in error did so consent; that on May 2, 1906, judgment for $40,000 was entered against the plaintiff in error; that promptly thereafter counsel for plaintiff in error applied to the trial judge, and also to the clerk of the court, for the transcript of the testimony and the exhibits in the case, but that they could not be found; that search for them was repeatedly made by counsel for the plaintiff in error between May 2, 1906, and August 20, 1906, on which latter date they were found in the office of the trial judge; that the bill of exceptions was then prepared, and the judge's signature thereto obtained on August 25, 1906; that, while the transcript and exhibits were missing, one of the counsel for the plaintiff in error repeatedly communicated with one of the counsel for the defendant in error concerning the missing papers, and his intention to prepare a bill of exceptions and specifications of error as soon as they should be found; that the counsel for the defendant in error stated that the delay was not causing him any inconvenience; and that because of these facts no agreement was thought of, and no formal order was entered for the extension of time for the preparation of the bill of exceptions or the specifications of error.

Assuming the statements in the affidavits to be free from mistakes, they wholly relieve the counsel for the plaintiff in error from responsibility for the delay, and the objection of the defendant in error that this court is without jurisdiction to review the case for the mere reason that the bill of exceptions was not signed in the same term in which the judgment was entered ought not, if the rules of practice will prevent it, to prevail. The general rule of practice on the subject

is that for which the defendant in error contends. Muller v. Ehlers, 91 U. S. 249, 23 L. Ed. 319; Morse v. Anderson, 150 U. S. 156, 14 Sup. Ct. 43, 37 L. Ed. 1037; Ward v. Cochran, 150 U. S. 597, 14 Sup. Ct. 230, 37 L. Ed. 1195. Where, however, extraordinary circumstances excuse the signing of a bill of exceptions within the term in which judgment is entered, an exception to the general rule exists. This was recognized in Jones v. Grover & Baker Sewing Machine Co., 131 U. S. Append. p. cl, 24 L. Ed. 925; Michigan Insurance Bank v. Eldred, 143 U. S. 298, 12 Sup. Ct. 450, 36 L. Ed. 162; Scaife v. Western North Carolina Land Co., 87 Fed. 308, 30 C. C. A. 661; Western Dredging & Improvement Co. v. Heldmaier, 116 Fed. 179, 53 C. C. A. 625.

On the facts as presented in the affidavits, we think this case comes well within the exception to the general rule. But we ought not to decide so important a question on affidavits which the opposing party has had no opportunity to answer. Indeed, we think that, unless possibly in a very rare case, the decision of such a question should be based solely on the facts certified by the trial judge. The ex parte affidavits now before us might be sufficient ground on which to ask for a writ of certiorari from this court to the trial judge asking him to certify the facts which induced him to sign the bill of exceptions after the expiration of the term in which the judgment was entered, if a certiorari were necessary. But it is not. The trial judge has already certified the facts by annexing to the bill of exceptions a statement in which he says that "the court is satisfied that the delay in presenting said bill of exceptions and filing the specifications of error was due to the exhibits in the case having been mislaid by some officer of the court."

The objection that this court is without jurisdiction to consider the bill of exceptions is therefore overruled.

Error is assigned on each exception. On looking into the bill of exceptions we find it to be so defective that we cannot intelligently pass upon any of the questions concerning which our opinion is desired. The only items of the bill relied on by the plaintiff in error are those which embrace letters and excerpts from the testimony, without anything to show their relation to the case or the issues involved. Accompanying the record of the case are over 500 pages of what purports to be testimony and exhibits. Although this printed matter was referred to on the oral arguments and in the briefs of counsel, it is nowhere mentioned in the bill of exceptions, and therefore it does not constitute a part of the bill. On a writ of error we can consider only the record of the case and the bill of exceptions. A bill of exceptions may, by appropriate reference to the testimony, incorporate any part, or in a proper case the whole, of the testimony; but unless it be so incorporated it cannot be considered by an appellate tribunal, for the reason that everything embodied in a bill of exceptions must be certified by the trial judge's signature. In Jones v. Buckell, 104 U. S. 554, 26 L. Ed. 841, it was said:

"Copies of deeds and a stipulation in respect to evidence are found in the transcript, but they are nowhere referred to in the bill of exceptions, and it is not even stated in the record that they were used at the trial. As long ago

as Dunlop v. Munroe, 7 Cranch, 242, 270, 3 L. Ed. 329, it was said by this court that 'each bill of exceptions must be considered as presenting a distinct and substantive case; and it is on the evidence stated in itself alone that the court is to decide.' Of course, evidence may be included in a bill of exceptions by appropriate reference to other parts of the record, and if that had been done here it might have been enough."

The application now made by counsel for the plaintiff in error is that they be permitted to file in this court an amended bill of exceptions, provided they can obtain the signature of the trial judge thereto. If such permission be granted, the case must lie over and be reargued at the next term. We think the permission cannot be given. The exception to the general rule, which allows a trial judge to sign a bill of exceptions after the expiration of the term in which judgment is entered, is, as above stated, limited to extraordinary cases. In substance, the present application is that this court shall allow a second bill of exceptions to be filed, not only long after the expiration of the term of the court in which judgment was entered, but after a writ of error has brought the record into this court, and even after argument of the errors assigned on the first bill of exceptions. To permit such a practice is to stretch the exception to the general rule far beyond what is authorized by the precedents. In Michigan Insurance Bank v. Eldred, supra, it was said:

"The duty of seasonably drawing up and tendering a bill of exceptions, stating distinctly the rulings complained of and the exceptions taken to them, belongs to the excepting party, and not to the court; the trial court has only to consider whether the bill tendered by the party is in due time, in legal form, and conformable to the truth, and the duty of the court of error is limited to determining the validity of exceptions duly tendered and allowed. Any fault or omission in framing or tendering a bill of exceptions, being the act of the party and not of the court, cannot be amended at a subsequent term, as a misprision of the clerk in recording inaccurately or omitting to record an order of the court might be."

The case of Stimson v. West Chester Railroad Co., 3 How. 553, 11 L. Ed. 722, is not an authority for allowing an amendment of the bill of exceptions in such a case as the one now before us. There, a suggestion of diminution in the record was made before the case was brought on for argument on the errors assigned. The application was for a certiorari to bring up a portion of the charge not included in the bill of exceptions, for the purpose of perfecting the record. The court said:

"If the portion of the charge, in relation to which the diminution is suggested, was in fact embraced in the exception, and the omission of it is a clerical error, then, upon producing here a copy of the exception properly certified, the plaintiff in error will be entitled to a certiorari in order to supply the defect."

But here we have no certified exceptions save those contained in the bill now before us. There is nothing upon which a certiorari, or an attempt to obtain an amended bill, can be allowed. Furthermore, an application for leave to obtain and file an amended bill comes too late if not made before the case is reached for argument.

The result is that the judgment of the Circuit Court must be affirmed, with costs.