### DALTON v. GUNNISON, Judge.

(Circuit Court of Appeals, Ninth Circuit. December 7, 1908.)

No. 1,650.

EXCEPTIONS, BILL OF (§ 43*)—SIGNING—TIME—NECESSARY DELAY.

A delay in settling and signing a bill of exceptions until after the expiration of the time fixed for filing the same as extended, caused by the inability of the court stenographer to make a transcript of his notes of the evidence and exceptions within the time so extended, is an extraordinary circumstance within an exception to the rule that a bill not presented within such time cannot be signed thereafter, so that, on such facts appearing it is the duty of the judge to sign and allow the bill.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. § 72½; Dec. Dig. § 43.*]

## Application for Writ of Mandamus.

The petitioner applies for a writ of mandamus to the Judge of the District Court of Alaska, Division No. 1, requiring him to settle and allow a bill of exceptions in a civil action in which the petitioner was defendant and Henry Bratnober was plaintiff. The petition presents in brief the followng averments: That on April 2, 1908, the judgment was rendered; that, on the trial, exceptions were taken by the petitioner to the admission and rejection of evidence, and to the refusal of the court to give certain instructions; that the evidence in the case was taken down by the official stenographer of the court; that the term of the court at which the cause was tried was adjourned on May 2, 1908, but before adjournment an order was made and entered allowing the petitioner until July 1st in which to file a bill of exceptions; that before the expiration of the time so allowed the court made a further order extending the time until and including August 1st; that on May 6th, the petitioner filed in said court his assignments of error and his petition for a writ of error, which was allowed by the court, and the writ was duly sued out and served, citation was duly issued and served, and a supersedeas bond was given and approved; that orders were made extending the time to file the transcript of the record in said cause in this court until October 1, 1908; that immediately upon the rendition of the judgment the petitioner, by his counsel, applied to the said court stenographer and requested him to extend his shorthand notes into typewriting, embodying therein the entire evidence taken at the trial and the exceptions reserved, so that a bill of exceptions might be prepared; that the stenographer answered that he was very busy reporting other cases, but that he would prepare the transcript as early as possible; that about the 1st of July, 1908, the stenographer, accompanying the judge, departed from Juneau to attend a term of court at Skagway, Alaska, but before leaving he informed petitioner's counsel that he had not been able to complete the said transcript, but would do so at Skagway during the month of July; that on or about July 22, 1908, petitioner's counsel went to Skagway, but was unable to obtain the transcript of the evidence taken on the trial, for the reason that the stenographer had not completed the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

same; that the transcript was finally completed on August 31, 1908, and was then delivered to petitioner's counsel, who immediately tendered a bill of exceptions to the judge of said court for settlement and allowance; that the judge of said court declined to allow the same, but made an order reciting that the said stenographer did not, "because of the large amount of work in his office, complete the transcript of his shorthand notes of the evidence until August 31, 1908, * * * and the court being of the opinion that upon the expiration of the time last allowed for filing said bill, without an order granting further extension of time, it lost jurisdiction and power to settle said bill of exceptions, and is now without power to sign, settle, and allow any bill of exceptions herein."

The respondent answers the petition, not denying any of the averments above set forth, but alleging that the petitioner did not use due diligence to procure extensions of time in which to settle the bill of exceptions, and alleging that the respondent was without power to settle the bill at the time when it was presented.

J. H. Cobb and W. C. Sharpstein, for petitioner.
Lindley & Eichoff and Shackleford & Lyons, for respondent.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). The general rule is well established that, when judgment has been rendered and the term expires, a bill of exceptions cannot be allowed, signed, and filed as of the date of the trial, in the absence of the consent of the parties or of a previous order of the court reserving the power to do so, unless there are extraordinary circumstances which are sufficient to except the case from the rule.

In United States v. Breitling, 20 How. 252, 15 L. Ed. 900, the bill of exceptions was presented by the attorney for the United States during the term. Before the term adjourned, at the request of the court, the bill was submitted to opposing counsel. It was not again presented to the judge until a week after the term adjourned. It was then allowed and signed by the judge. The Supreme Court held that it was always within the power of the trial court to suspend its own rules or to except a particular case from its operation whenever the purposes of justice required it, and said that the time within which the bill of exceptions—

"may be drawn up and presented to the court must depend on its rule and practice, and on its own judicial discretion. In the case before us the judge who tried the case has deemed it his duty to seal and certify the exception to this court, and, under the circumstances stated in the exception and the note, we think he was right in doing so."

In Müller et al. v. Ehlers, 91 U. S. 249, 23 L. Ed. 319, a writ of error had been sued out and served, and a supersedeas bond approved and citation filed, but no bill of exceptions had been signed or allowed, nor had time been given to prepare one when the court adjourned. At the next term, and after the return day of the writ of error, the bill of exceptions was signed and filed by the court nunc pro tunc as of the prior term. The Supreme Court said:

"Upon the adjournment of the term, the parties were out of court, and the litigation there was at an end. The plaintiff was discharged from further attendance, and all proceedings thereafter, in his absence and without his consent, were coram non judice. The order of the court, therefore, made at the next term, directing that the bill of exceptions be filed in the cause as of

the date of the trial was a nullity. For this reason, upon the case as it is presented to us, the bill of exceptions, though returned here, cannot be considered as part of the record."

The court, further commenting upon the decision in United States v. Breitling, said:

"That case went to the extreme verge of the law upon this question of practice, and we are not inclined to extend its operation."

In Davis v. Patrick, 122 U. S. 138, 7 Sup. Ct. 1102, 30 L. Ed. 1090, a stipulation had been made extending the time of settling the bill of exceptions to a day beyond the term, but the bill was not allowed or signed until more than a month after the date so fixed by the stipulation. The Supreme Court sustained the allowance and signing of the bill on the ground that it had been presented to the judge prior to the stipulation, and that the stipulation was for the convenience of the judge. Said the court:

"The defendant was not to blame for the delay beyond the time named in the stipulation. He appears to have done all he could to obtain the settlement of and the signature to the bill, and he cannot be prejudiced by the delay of the judge."

In Re Chateaugay Ore & Iron Company, 128 U. S. 544, 9 Sup. Ct. 150, 32 L. Ed. 508, the trial judge had refused to settle and sign the bill of exceptions on the ground that the term of court at which the action was tried expired on March 31st. On March 27th, counsel for the defendant had served on opposing counsel notice of settlement of the bill of exceptions by the judge on April 10th. On March 31st, the trial judge was not within the district so as to be able to perform any judicial act there, nor did he return until April 2d. The Supreme Court allowed mandamus commanding the judge to settle the bill according to the truth of the matters, and to sign it when settled.

In Morse v. Anderson, 150 U. S. 156, 14 Sup. Ct. 43, 37 L. Ed. 1037, the bill of exceptions was tendered to the judge on December 24th. He declined to sign it, and returned it to counsel with suggestions of amendment. On January 14th following, the court extended the time to March 15th. Before that date another bill was tendered which was not acceptable to the judge, and the matter was held open for argument before him. The time was again extended to May 15th, and again extended to July 2d. The bill was not settled and signed until April 1st of the following year. The trial judge certified that—

"plaintiff's counsel had made various efforts to have counsel of defendant Anderson present and before me, so that a bill of exceptions might be prepared and signed; but, owing to sickness of family of counsel, this has been impracticable until the bill of exceptions now signed by me as of April, 1899."

The Supreme Court held that there was great delay for which there was no adequate excuse, and affirmed the judgment for want of a bill of exceptions.

In Western Dredging & Improvement Company v. Heldmaier, 116 Fed. 179, 53 C. C. A. 625, the Circuit Court of Appeals for the Seventh Circuit held that, although a judge cannot allow a bill of exceptions after the term unless the time has been extended by order or rule of court, except under extraordinary circumstances, he is not

absolutely without power to do so, and that the rule is not so rigid that it must be applied in cases where it would work injustice, and where the party presenting the bill has been without fault. In that case the bill had been submitted to opposing counsel during the term, and by them found correct, and had been presented in court to be signed and filed during the term. But the judge before whom the case had been tried had departed from the district, and was not within the circuit. When he returned to the district, he signed and allowed the bill of exceptions on December 4, 1901, nunc pro tunc as of June 27, 1901. Said the Circuit Court of Appeals:

"The delay in the signing by the trial judge, not being due to neglect of the parties, must be deemed a case of delay for the convenience of the trial judge, and to fall within the exception declared in Davis v. Patrick and In re Chateaugay Iron & Ore Company."

In Roberts v. Bennett, 135 Fed. 748, 68 C. C. A. 386, the Circuit Court of Appeals for the Second Circuit said:

"We think the delay was excused by the illness of the judge before whom the action was tried, and his consequent inability to settle the bill, and that the 'extraordinary circumstances' withdraw the case from the operation of the general rule."

In Pittsburgh Gas & Coke Co. v. Goff-Kirby Coal Co., 151 Fed. 466, 81 C. C. A. 76, it was held that an exception to the general rule exists where extraordinary circumstances excuse the failure to sign the bill of exceptions within the term, and that the fact that the exhibits in the case were mislaid without fault or negligence on the part of the plaintiff in error, and were not found until after the expiration of the term, is sufficient to bring the case within the exception, but the court held further that such facts so excusing the delay should, if possible, be evidenced by the certificate of the trial judge.

Counsel for the petitioner relies upon the provisions of chapter 21, tit. 2, of the Code of Civil Procedure of Alaska, 31 Stat. 365, which, it is claimed, permit the presenting and signing of the bill of exceptions after a term expires without extension of time by the court for that purpose. That chapter is taken from the laws of Oregon. In Che Gong v. Stearns, 16 Or. 219, 17 Pac. 871, it was held that the statute did not fix the time within which a trial judge may sign a bill of exceptions. But in McElvain v. Bradshaw, 30 Or. 569, 48 Pac. 424, it was held that after the court has once fixed a time by order, within which to settle the bill of exceptions, the question whether the bill shall be settled and allowed after that time is a matter within the sound discretion of the trial judge, the exercise of which cannot be controlled by mandamus save under circumstances which did not appear in that case. The court said:

"The reasons given by the petitioner for not tendering the bill within the time allowed are, briefly, (1) his alleged inability to obtain from the stenographer a copy of the official report of the trial from which to prepare it, and (2) a mistaken belief that sixty days had been allowed for that purpose, neither of which is sufficient to support the proceeding. The first, no doubt, would have been considered a ground for granting an extension of time, if a proper application had been made therefor; and the second was an error of counsel, which, under the circumstances, would have justified the trial judge in ex-

cusing the default, but it is not sufficient to authorize us to compel him to do so."

In the light of the authorities, we are of the opinion that a delay necessarily caused by the inability of a court stenographer to make a transcript of his notes of the evidence and of the exceptions taken, within the term or within the time allowed by an order of the court, is an extraordinary circumstance, which brings the case within the exception to the rule, and that it is the duty of the trial judge in such a case to settle and allow the bill of exceptions. The averments of the petition are corroborated to some extent by the order which the trial court made at the time of refusing to settle the bill of exceptions, in which it was recited that the stenographer did not, because of the large amount of work in his office, complete the transcript until August 31st. In view of this recital and of the respondent's answer to the petition, it is unnecessary to issue a mandamus nisi to show cause why a peremptory writ should not be issued.

It is ordered that the writ be issued as prayed for.