UNITED STATES ex rel. FEHSENFELD et al. v. WADDILL, United States Circuit Judge.

(Circuit Court of Appeals, Fourth Circuit. February 6, 1923.)

No. 2070.

1. **Exceptions, bill of** ⊜53(4)—**Held no extraordinary circumstances warranting mandamus to compel trial judge to extend allowed time.**

Where 60 days were allowed for the preparation of a bill of exceptions, and, though trial judge twice warned counsel of the necessity for presenting the bill within that time, counsel delayed asking for a transcript until 44 days had elapsed, and stenographer failed to furnish the transcript until after the allowed time had elapsed, there were no extraordinary circumstances warranting mandamus to compel trial judge to extend the allowed time.

2. **Exceptions, bill of** ⊜40(2)—**Extending time for presentation of bills of exceptions within trial judge's discretion.**

Generally the granting of an application for extension of time to present bills of exception is within the discretion of the trial judge.

On Petition for Writ of Mandamus.

Petition by the United States, on the relation of Louis H. Fehsenfeld and Harry B. Davis, trading as the H. B. Davis Company, against Hon. Edmund Waddill, Jr., a United States Circuit Judge, sitting as a United States District Judge in the District Court of the United States for the Eastern District of Virginia. Petition denied.

G. W. S. Musgrave, of Baltimore, Md., and Theodore B. Benson, for petitioners.

Tazewell Taylor, of Norfolk, Va., for respondent.

Before WOODS, Circuit Judge, and WEBB, District Judge.

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

WOODS, Circuit Judge. [1] The trial of the action of the United States, at the relation of the H. B. Davis Company, against John Gill & Sons and the Fidelity & Deposit Company of Maryland, on November 11, 1921, before Circuit Judge Waddill, assigned to preside in the District Court, resulted in a verdict for the defendants. Motion for a new trial was denied by order dated April 8, 1922. In the same order the defendants were allowed 60 days to prepare their bills of exception. On April 13, 1922, counsel for plaintiffs wrote Judge Waddill the matter of the appeal would be taken up within the 60 days allowed. On April 17 Judge Waddill replied, calling attention of counsel to the importance of having the bills of exception ready within the 60 days. It appears that nothing was done looking toward preparation of the bills of exception until May 22. On that date counsel for defendants wrote for a transcript of the testimony to be used in preparing the exceptions, and on May 29 wrote to Judge Waddill of their action. On May 30 Judge Waddill wrote again, warning counsel of the necessity of presenting the bills of exception in the time allowed.

The exceptions were not presented within the 60 days allowed and Judge Waddill refused to extend the time. The defendants now ask for mandamus requiring Judge Waddill to sign the bills of exception, on the ground that they were prevented from complying with the order by such extraordinary circumstances as entitle them to relief. The extraordinary circumstance presented to Judge Waddill and relied on here was the failure of the stenographers to furnish promptly the transcript of the testimony.

There was a delay of 44 days in applying for the transcript of testimony after the order allowing 60 days for the bills of exception to be presented, and that, too, in the face of the warning of the necessity to present them in time. After the order was given to stenographers for copy of the testimony on May 22, defendants' counsel waited without hearing anything from them until June 3, and then asked by telegram when the transcript would be ready. The answer of the stenographers was that it would be ready in 10 days, 6 days beyond the time allowed for presenting the bills of exception, which expired June 7. In Du Pont de Nemours & Co. v. Smith, 249 Fed. 403, 405, 161 C. C. A. 377, 379, we said:

"We have the strong conviction that the extreme penalty of dismissal of a cause without a hearing on the merits should not be imposed upon a litigant for the inadvertence of his counsel, except in flagrant cases of neglect, or where the court is compelled by statute or clearly established practice to do so."

[2] The clearly established practice is that the granting of an application for extension of time to present bills of exception is generally in the discretion of the trial judge. 4 Corpus Juris, 291, 311. The appellate court can only grant relief against the refusal of the trial judge to grant the extension or sign the bills of exception out of time on a showing of extraordinary circumstances. The extraordinary circumstances may present themselves in many forms, such as the illness or absence of the trial judge or illness of opposing counsel, Roberts v. Bennett, 135 Fed. 748, 68 C. C. A. 386; Western Dredging & Improvement Co. v. Heldmaier, 116 Fed. 179, 53 C. C. A. 625; the temporary

loss of important documentary evidence without fault of counsel, Pittsburg Gas & Coke Co. v. Goff-Kirby Coal Co., 151 Fed. 466, 81 C. C. A. 76; the failure to obtain transcript of the evidence after diligent effort, Dalton v. Gunnison, 165 Fed. 873, 91 C. C. A. 457. In the case last cited which is chiefly relied on here, application was made to the stenographer for transcript of the testimony immediately after the trial, and effort was continued with diligence beyond the time allowed for the presentation of the bills of exception. The trial judge having under these circumstances refused to sign the exceptions on the grounds that plaintiff in error had not used due diligence in procuring extension of time, and that he had no power to sign the exceptions after the time allowed, the Circuit Court of Appeals of the Ninth Circuit by mandamus required him to sign the bills of exception.

The present case is different. The delay of 44 days before applying for copy of the testimony was due to lack of promptness of either counsel or client. It is well known that every stenographer who has even a moderate business must have work of transcribing ahead of his stenographic work. Taking the most indulgent view, we cannot think it was due diligence to allow 44 days of the 60 allowed to pass before asking for the transcript, and then wait from May 22—when the request for the transcript was made—until June 3 with no response from the stenographers. It does not appear that the stenographers were even notified of the importance of time, except by request to the clerk to inform them. It may be that even on May 22 an urgent letter or a personal interview would have induced the stenographers to lay aside other work, so as to have the testimony in time.

This statement makes evident that there were no extraordinary circumstances warranting mandamus by this court, but, on the contrary, such lack of diligence as placed a refusal to extend the time entirely in the discretion of the trial judge.

The application for mandamus is denied.