## BUCKLEY v. VERHONIC.

### BUCKLEY et al. v. SAME.

### Nos. 7882, 7883.

Circuit Court of Appeals, Ninth Circuit.

March 20, 1936.

Chas. E. Taylor, of Fairbanks, Alaska, for appellants.

Louis K. Pratt, of Fairbanks, Alaska, for appellee.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

These appeals are from judgments of the District Court for Alaska, sitting as a court of general jurisdiction.[1] The assignments of error raise questions the consideration of which would require an examination of the evidence. Included in the transcripts are so-called bills of exceptions, purporting to contain the evidence in these cases, but appellee has moved to strike these so-called bills of exceptions, on the ground that they were not filed in time.

The procedure for settling bills of exceptions in actions at law[2] in the District Court for Alaska is prescribed in section 223, title 2, of the Act of June 6, 1900, c. 786, 31 Stat. 366, Compiled Laws of Alaska 1933, § 3636, which provides: "The statement of the exception, when settled and allowed, shall be signed by the judge and filed with the clerk, and thereafter it shall be deemed and taken to be a part of the record of the cause."

These, however, are not actions at law, but are actions of an equitable nature,[3] the procedure for which is prescribed in section 372, title 2, of said Act, 31 Stat. 395, Compiled Laws of Alaska 1933, § 3870, which provides: "Exceptions may be taken during the trial to the ruling of the court, and also to its findings of fact, and a statement of such exceptions prepared and settled as in an action, and the same shall be filed with the clerk within ten days from the entering of the decree, or such further time as the court may allow."

The decrees in these cases were entered on June 27, 1934. Therefore, if not extended by court order, the time for filing exceptions would have expired on July 7, 1934. On June 29, 1934, the District Judge made an order extending the time for filing exceptions in each case for a period of 60 days. On July 16, 1934, the District Judge made an order extending the time for such filing for an additional period of 30 days. There was no further extension. The two extensions granted by the District Judge aggregated 90 days only. This 90-day period expired on October 5, 1934. The so-called bills of exceptions were filed with the clerk on October 10, 1934, which was five days too late. Appellee's motion must, therefore, be granted. Dalton v. Hazelet (C.C.A.9) 182 F. 561, 568; Dalton v. Gunnison (C.C.A.9) 165 F. 873, 876. It is so ordered.

Since the evidence is not before us, the questions attempted to be raised by these appeals cannot be considered.

Judgments affirmed.

---

[1] The District Court for Alaska has (1) the jurisdiction of a District Court of the United States and (2) general jurisdiction in civil and criminal cases. Act of June 6, 1900, c. 786, title 1, § 4, 31 Stat. 322, as amended by the Act of March 2, 1921, c. 110, 41 Stat. 1203, 48 U.S.C.A. § 101, Compiled Laws of Alaska 1933, § 1091.

[2] Although, in Alaska, the distinction between actions at law and suits in equity is abolished, and there is but one form of civil action, the procedure in actions of an equitable nature differs somewhat from that in other civil actions. Act of June 6, 1900, c. 786, title 2, §§ 1, 361–382, 31 Stat. 333, 393–396, Compiled Laws of Alaska, 1933, §§ 3351, 3850–3884.

[3] These actions were brought in the District Court, not as a court of the United States, but as a court of general jurisdiction. Consequently, they are not federal equity suits. The Federal Equity Rules (28 U.S.C.A. following section 723) are, therefore, inapplicable.